## LIDDELL, administrator, *vs.* WRIGHT, administrator.

The question being wheth r one who held under a bond for titles or its equivalent had paid all of the purchase money thereunder, and there being sufficient evidence to sustain the finding of the jury on that issue, this court will not control the discretion of the court below in refusing a new trial, on the ground that the verdict is contrary to law, evidence and the charge of the court.

(*a.*) A promissory note having been produced from among the effects of a deceased debtor by his administrator, the presumption was that it had been paid, and the *onus* was on the party asserting the contrary to show it.

Judgment affirmed.

March 18, 1884.

JACKSON, Chief Justice.

## BROOKS *vs.* THE STATE OF GEORGIA.

Where counsel for plaintiff in error was detained at home in another city from that where this court sits, at the time the case was called, on account of serious sickness in his family, and communicated that fact to the court, but the communication failed to reach it in time, and the case was dismissed for want of prosecution, a motion to reinstate it on that ground would be granted, if there were anything in the record which could benefit the party prosecuting the writ of error. But in the present case, the exception is to the refusal of a motion for new trial made after the close of the term of the trial, on the ground of newly discovered evidence to prove an *alibi;* and it appears that the testimony was neither in fact newly discovered nor was any diligence used in obtaining it. This court will therefore not do a vain thing by reinstating the case.

Motion to re-instate denied.