## BALDWIN v. LOWE.

LUMPKIN, J. 1. Save as to cases specially provided for by law (such as exception to the grant or refusal of an injunction, or the appointment of or refusal to appoint a receiver), no case can be brought to this court by bill of exceptions, so long as the same is pending in the court below, unless the decision complained of would have been a final disposition of the case, had it been rendered as the excepting party claims that it should have been. Civil Code, § 5526.

2. Striking an imperfect plea to the jurisdiction filed by the sole defendant, and rejecting an amendment thereto, is not a final judgment, and does not dispose of the case; nor would it have done so had the amendment been allowed and the motion to strike been overruled.

3. Where exception was taken to such a ruling, and it appears from the bill of exceptions that, after the plea to the jurisdiction had been stricken, the case was continued in order to allow the decision to be brought to this court for review, this was an interlocutory ruling, leaving the case still pending; and the writ of error will be dismissed.

4. Parties can not confer jurisdiction on this court by agreement to review such an interlocutory ruling, while the case remains pending in the trial court. Nor does it matter that the bill of exceptions recites that it was "conceded" by counsel that, under the facts of the case, if the plea to the jurisdiction should be allowed, it would be a final disposition of the case. Such would not have been the legal result.

*Writ of error dismissed. All the Justices concur, except Holden, J., who did not preside.*

Submitted June 28,—Decided December 21, 1907.

Complaint, from Chattahoochee superior court. Practice in the Supreme Court.

*H. C. Cameron* and *H. V. Hargett,* for plaintiff in error.