### 1154.   WALDEN *et al. v.* DOWNING COMPANY.

1. "The purchaser of a bill, note or other negotiable security, transferable by delivery, who takes it before it is due, from one who himself has no title, bona fide and for value, acquires a good title. *Held,* farther, that such title is not defeated by the want of such caution in the purchase as a careful and prudent man would exercise in the conduct of his affairs, or by gross negligence, but that it may be defeated by mala fides in the purchase, and that mala fides consists in notice, actual or constructive, of the fact that the security is not the property of the person who offers it, and a privaty [privity] with or participation in a fraud upon the true owner." *Matthews* v. *Poythress,* 4 *Ga.* 287 (4); *Bealle* v. *Southern Bank of Ga.,* 57 *Ga.* 274; *Thomas* v. *Kinsey,* 8 *Ga.* 430; *Moye* v. *Waters,* 51 *Ga.* 13; Shaw *v.* R. Co., 101 U. S. 564 (25 L. ed. 892).

2. "Possession alone of a security negotiable by delivery before due, is presumptive evidence of title thereto; but when such security is proven to have been stolen or otherwise appropriated in fraud of the rights of the owner, then the onus is upon the possessor to show that he took it bona fide and for value; and upon his showing that, then the owner must show mala fides—that is, that the possessor has notice, actual or constructive, of the title of the true owner." *Merchants' Bank* v. *Trustees,* 62 *Ga.* 272 (4).

3. One who takes a negotiable instrument as collateral security for a pre-existing debt is a purchaser thereof, within the purview of the

foregoing rule. *Gibson* v. *Connor*, 3 *Ga.* 47; *Kaiser* v. *United States Bank*, 99 *Ga.* 258 (25 S. E. 620).

Complaint, from city court of Sandersville—Judge Jordan. March 25, 1908.

Argued July 2,—Decided July 25, 1908.

*T. W. Hardwick, A. R. Wright, W. E. Armistead*, for plaintiff in error. *Evans & Evans, Bennet & Conyers*, contra.

POWELL, J. The case is controlled by the principles and authorities cited in the headnotes. The case as presented here is, that Mrs. Walden, for valuable consideration, executed a negotiable promissory note to her daughter Mrs. Thomas, who indorsed it in blank and deposited it with her husband for safe-keeping. A partner in business of Mr. Thomas, in some manner, without the consent of Mrs. Thomas, secured possession of the note, again indorsed it in blank, and transferred it to the Downing Company, as collateral security for a pre-existing debt which he owed them. The evidence upon the question of bona fides of the Downing Company was sufficient, prima facie, to carry the burden resting upon them, under the principles stated in the second headnote. The evidence of the defendant on this subject, including that offered, but rejected by the court, was not sufficient to overcome this prima facie case. On this point see Shaw v. R. Co., 101 U. S. 564 (25 L. ed. 892).                    *Judgment affirmed.*