## CITY OF TALLAPOOSA *v.* BROCK.

HILL, J. 1. "Save as to cases specially provided for by law (such as exception to the grant of an injunction, or the appointment of or refusal to appoint a receiver), no case can be brought to this court by bill of exceptions, so long as the same is pending in the court below, unless the decision complained of would have been a final disposition of the case, had it been rendered as the excepting party claims that it should have been." *Baldwin* v. *Lowe,* 129 *Ga.* 711 (59 S. E. 772); Civil Code (1910), § 6138.

2. Where to a suit for damages the defendant filed several pleas in bar and abatement, only two of which—one of res adjudicata, and one based upon the ground that the present action was a renewal of one that had been withdrawn by plaintiff without having paid the costs or making a pauper affidavit of her inability so to do (Civil Code (1910), § 5625)—were passed upon by the trial judge, to whom, by agreement, the issues thus raised were submitted without the intervention of a jury, who found against the pleas, such judgment is not a final judgment that can be reviewed by direct bill of exceptions to this court. *Johnson* v. *Battle,* 120 *Ga.* 649 (48 S. E. 128); *Baldwin* v. *Lowe,* supra; *Johnson* v. *Merchants & Farmers Bank,* 141 *Ga.* 721 (81 S. E. 873).

> *Writ of error dismissed. All the Justices concur.*
> JUNE 25, 1915.

Action for damages; from Haralson superior court.

*Lloyd Thomas* and *M. J. Head,* for plaintiff in error.