### 8128. BROCK v. CITY OF TALLAPOOSA.

PER CURIAM. 1. Except as to cases specially provided for by law, the Civil Code (1910), § 6138, declares that "no cause shall be carried to the Supreme Court upon any bill of exceptions so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the case." *Baldwin* v. *Lowe*, 129 *Ga.* 711 (59 S. E. 772); *City of Tallapoosa* v. *Brock*, 143 *Ga.* 599 (85 S. E. 755).

2. Where, to a suit for damages, the defendant filed several pleas in bar and abatement, two of which (one of res adjudicata and one based upon the ground that the present cause of action was a renewal of one that had been withdrawn by the plaintiff without having paid the costs or making a proper pauper affidavit in lieu of payment of costs as provided by the Civil Code (1910), § 5625) were passed upon by the trial judge to whom, by agreement, the issues thus raised were submitted without the intervention of a jury, and who found against the pleas, and who, upon a motion based upon matters appearing upon the face of the record, vacated his judgment finding against the pleas and reinstated the pleas, the judgment reinstating the pleas can not be reviewed by direct bill of exceptions to this court. *Johnson* v. *Battle*, 120 *Ga.* 649 (48 S. E. 128); *Johnson* v. *Merchants & Farmers Bank*, 141 *Ga.* 721 (81 S. E. 873). Leave, however, is granted to enter the bill of exceptions, or the official copy of it retained below, of record, as exceptions taken pendente lite, and direction is given accordingly.

*Writ of error dismissed. Wade, C. J., and George and Luke, JJ., concur.*

DECIDED APRIL 25, 1917.

Motion to dismiss the writ of error.

*U. G. Brock, H. J. McBride,* for plaintiff.

*Lloyd Thomas,* for defendant.