### 9534. BRANTLEY *v.* MERCHANTS AND FARMERS BANK OF HOGANSVILLE.

1. While a seller ordinarily can not convey a greater title than he himself owns, one of the exceptions to this rule is that the bona fide purchaser of a negotiable paper not dishonored will be protected in his title, though the seller had none. Civil Code (1910), § 4118. Thus, if such an instrument be completed in form and duly signed, but prior to its delivery is feloniously taken by the payee, and prior to its maturity is indorsed and passed by such unlawful taker to a bona fide holder for value, the innocent purchaser is protected in his title and can recover against the maker. Civil Code (1910), § 4286; *Atlanta National Bank v. Bateman,* 21 *Ga. App.* 624 (94 S. E. 853), and authorities there cited. See *Carter v. Haralson,* 146 *Ga.* 282 (91 S. E. 88).

2. "The holder of a note is presumed to be such bona fide, and for value; if either fact is negatived by proof, the defendants are let into all their defenses; such presumption is negatived by proof of any fraud in the

procurement of the note." Civil Code (1910), § 4288. Fraud in the procurement of the note, as here used, means fraud on the part of the holder thereof, and has no reference to the fraud in the contract out of which the note arose, or fraud of an intervening indorser. "Any circumstances which would place a prudent man upon his guard, in purchasing negotiable paper, shall be sufficient to constitute notice to a purchaser of such paper before it is due." Civil Code (1910), § 4291.

3. An apparent exception to the rule governing the legal presumption in favor of the holder of a negotiable note as set forth in the preceding headnote has been recognized and expressed as follows: "Possession alone of a security *negotiable by delivery* before due, is presumptive evidence of title thereto; but when *such security* is proven to have been stolen or otherwise appropriated in fraud of the rights of the owner, then the onus is upon the possessor to show that he took it bona fide and for value."

4. "A promissory note is negotiable by indorsement of the payee or holder, or, if payable to bearer, by transfer and delivery only." Civil Code (1910), § 4273.

5. Thus, where a note is payable to a named person, and after being indorsed by the payee is passed to a third person, such taker, by indorsement and not merely by delivery, would be protected by the general rule as to the presumption set up in his favor, and is not subject to the exception stated in the third headnote.

DECIDED OCTOBER 15, 1918.

Complaint; from Campbell superior court—Judge Smith. December 1, 1917.

*J. F. Golightly,* for plaintiff in error.

*W. C. Wright, A. H. Freeman,* contra.

JENKINS, J. The defendant in this case entered a plea setting up an original total lack of consideration, and also offered as an amendment thereto the defense that the note had never been delivered to the payee, but that, after having been entrusted by the maker into the hands of the payee, to be held by him as the property of the maker pending certain negotiations, it was fraudulently converted by the payee, and by him illegally indorsed, and thus came into the hands of the holder, who is the plaintiff in the suit. It is not the contention of the defendant that if the plaintiff be in fact an innocent and bona fide purchaser for value, he, as such, would not be protected against the defenses offered. The exception taken pertains to a question of presumption only. The plaintiff having failed to offer any proof that it discounted the note for a valuable consideration, in the usual course of business, before maturity, and without notice of dishonor or want of consideration, but having relied entirely upon the presumption in its favor in these respects, as provided by section 4288 of the Code,

and the defendant having submitted evidence to the effect that the note was originally lacking in consideration, and had been illegally and fraudulently converted by the payee and indorsed by him to the holder, the defendant contends that the court erred in directing a verdict in the plaintiff's favor; the theory being that upon such proof being made or offered by the defendant, the burden of showing that the plaintiff was a bona fide holder and for value was shifted, and that the original presumption in the plaintiff's favor no longer protected him.

In the case of *Matthews* v. *Poythress,* 4 *Ga.* 287, Judge Nisbet, speaking for the Supreme Court, said: "He who buys a promissory note, bill of exchange, or any other security negotiable by delivery, before it is due, acquires a title to such security and a property in it by virtue of his possession. But if such security be proven to have been lost or stolen, or in any other way appropriated in fraud of the rights of the owner, then such purchaser does not acquire a title to it until he proves that he took it bona fide and for value. And in that event—that is, when the purchaser has proven that he took the security bona fide and for value—his title may be defeated by proof on the part of the defendant in the action, where suit is brought upon the note or bill, or of the plaintiff, where the suit is brought for the note or bill, that he took it mala fide." That opinion was rendered in the year 1848, long prior to the adoption of the first code of this State, which went into effect on January 1, 1863. In that code and in each of those succeeding it there is a section as follows: "The holder of a note is presumed to be such bona fide, and for value; if either fact is negatived by proof, the defendants are let into all their defenses; such presumption is negatived by proof of any fraud in the procurement of the note." Civil Code (1910), § 4288. It has been uniformly held that fraud in the procurement, as here used, means fraud in the procurement of the note by the holder thereof, and has no reference to the fraud in the contract out of which the note arose, or fraud of an intervening indorser. *Harrell* v. *National Bank,* 128 *Ga.* 504 (57 S. E. 869), and cases there cited. However, in the decision in the case of *Merchants' &c. Bank* v. *Trustees,* 62 *Ga.* 271, which was rendered after the adoption of the code, the decision in the *Matthews* case, supra, was approved and followed. The fourth headnote of that decision is as follows: "Possession

alone of a security negotiable by delivery before due, is presumptive evidence .of title thereto; but when such security is proven to have been stolen or otherwise appropriated in fraud of the rights of the owner, then the onus is upon the possessor to show that he took it bona fide and for value; and upon his showing that, then the owner must show mala fides—that is, that the possessor has notice, actual or constructive, of the title of the true owner." See also *Fidelity Trust Co.* v. *Mays,* 142 *Ga.* 821, 827 (83 S. E. 961).

In *Sheffield* v. *Johnson County Bank,* 2 *Ga. App.* 221 (3), (58 S. E. 386), Judge Powell, delivering the decision of this court, said: "While by common law and by general law, as recognized in most of the American States, and possibly in this State, if the defendant in an action by the legal holder of a negotiable promissory note shows that the note was procured by fraud or duress, or that it is founded upon an illegal consideration or an original total lack of consideration, the burden of proving that he is a bona fide holder for value is cast upon the plaintiff, yet no such result follows from proof showing mere failure of consideration, total or partial." However, in that case, since the proof showed only a partial failure of consideration, the holding as made was not really necessary to a determination of that case. In *Walden* v. *Downing Co.,* 4 *Ga. App.* 534 (61 S. E. 1127), the holding in that case was quoted and followed as the law upon the subject, and without any reference to whether the note was such as could be negotiated merely by delivery, or whether it was such an instrument as required an indorsement in order to effect a transfer thereof. It is undoubtedly true that the statement made by Judge Powell in the *Sheffield* case as to what constitutes the general rule, both at common law and throughout most of the States, is entirely correct. See 3 R. C. L. § 243, et seq, § 248. Indeed, what is commonly known as the "uniform negotiable instrument law," long of force in a great number of States, contains among its provisions the following: "Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course." Our code, however, contains no such provision; and since the only rule upon the subject which it does contain appears so plainly to contemplate that the legal

presumptions in favor of the holder shall continue to exist in his favor until combated by proof, not that the original payee, or an intervening indorser, fraudulently obtained the note, but that the holder himself did, we are disinclined to recognize any extension of the exception to this rule further than that literally prescribed by the language of the decision in the *Merchants' &c. Bank* case, supra. There would seem in fact to be a rational ground for distinction between a case where the holder comes into possession of an instrument ·capable of being passed merely by delivery, and where the holder comes into possession thereof by virtue of the solemn indorsement of the payee therein named. In the former case there is nothing except naked possession to indicate that the holder took it in good faith; whereas in a case where the payee has entered his solemn indorsement thereon, and thereby guaranteed its validity to subsequent transferees, there exists this manifest additional reason, as shown by the face of the instrument, whereby the subsequent taker should be held to have acted in good faith. It is true that a note payable to the order of a named person, and by him indorsed in blank, *subsequently* becomes payable to bearer, and negotiable by mere delivery (*Heard* v. *DeLoach,* 105 *Ga.* 500, 30 S. E. 940; *South* v. *People's National Bank,* 4 *Ga. App.* 92, 60 S. E. 1087; *Stiles* v. *Shedden, 2 Ga. App.* 317 (2), 58 S. E. 515); but this is true only after the payee has vouched for and guaranteed the validity of the instrument by virtue of his indorsement, and prior to such indorsement it is not negotiable in the sense that a note payable simply to bearer would be.

The case of *Harrell* v. *National Bank,* supra, was a suit by the transferee and holder of a negotiable instrument, and the defendant pleaded that the payee had surreptitiously and fraudulently taken possession of the note and indorsed it to the plaintiff holder. Justice Evans, speaking for the Supreme Court, said: "The plaintiff bank offered evidence to show that the defendant [plaintiff] had purchased the note in good faith, and in the usual course of business, for a valuable consideration, before due, without notice of any dishonor. It *could* have relied upon the presumption afforded by the code section above quoted [Civil Code of 1910, § 4288], and required of the defendant proof that it was not a bona fide holder, in order to defeat its right to recover." [Italics ours.] The facts of that case and those of this case appear to be practically identical,.

and we think the ruling there made controls this case.

    *Judgment affirmed.*   *Wade, C. J., and Luke, J., concur.*

    (Certiorari to review this decision was granted by the Supreme Court.)