## ENGLISH et al. v. ROSENKRANTZ.

A direct bill of exceptions will not lie to a judgment overruling a plea
of res judicata filed to a suit for recovery of damages from breach
of a contract.

No. 1901.    DECEMBER 16, 1920.

Questions certified by Court of Appeals (Case No. 10530).

*Brewster, Howell & Heyman* and *Mark Bolding,* for plaintiffs
in error.

*V. A. Batchelor, King & Spalding,* and *John A. Sibley,* contra.

GEORGE, J. This case comes to the Supreme Court on questions
certified by the Court of Appeals. Several questions are certified;
but the jurisdiction of the Court of Appeals and of this court
depends upon the answer to the second question, which is as fol-
lows: "Where a defendant filed a plea of res judicata, which was
by agreement submitted to the trial judge for determination upon
questions both of law and fact, the latter being undisputed, did
a finding by the trial judge adverse to this plea of. res judicata
affect the final result of the case, or would a judgment finding in
favor of the plea, contended for by the defendant, 'have been a
final disposition of the cause,' and would a bill of exceptions lie
to the judgment rendered as provided for in the Civil Code (1910),
§ 6138 ? The plea of res judicata prayed: 'That this case be
dismissed or that the plaintiff be held to be estopped from further
prosecuting the same.' The judgment finding against the plea of
res judicata was as follows: 'The within case coming on for a
hearing upon plea of res adjudicata; and it being agreed by counsel
of record for both plaintiff and defendants that the special plea
should be submitted to the presiding judge without a jury, who
should pass upon all questions of law and fact, after hearing evi-
dence and argument of counsel, it is ordered, considered, and
adjudged that said plea of res adjudicata be and is hereby over-
ruled and refused.'"

Under the decision in the case of *City of Tallapoosa* v. *Brock,*
143 *Ga.* 599 (85 S. E. 755), a direct bill of exceptions will not lie
to the judgment overruling the plea of res judicata to the suit.
In that case, as in this, as disclosed by the original record of
file in the office of the clerk of this court, the issue raised by the
plea was, by agreement of counsel, submitted to the trial judge
for determination upon questions of law and of lact; and in that

case, as in this, the prayer was that the suit "be dismissed." That the necessary effect of a judgment sustaining a plea of res judicata to a suit may be to entitle the defendant to a judgment dismissing the action, as a matter of course, is not decisive of the question. *Johnson* v. *Battle,* 120 *Ga.* 649 (48 S. E. 128). A judgment sustaining a plea of res judicata to a suit, though generally controlling, is not "final," within the meaning of the Civil Code (1910), § 6138. See *W. & A. R. Co.* v. *Williams,* 146 *Ga.* 27 (90 S. E. 478); *Brock* v. *Tallapoosa,* 19 *Ga. App.* 793 (92 S. E. 289).

It appearing that the writ of error was prematurely sued out, neither the Court of Appeals nor this court has jurisdiction to consider and decide any of the other questions propounded.

*All the Justices concur.*