*James R. Davis,* for plaintiff in error.
*Redding & Lester,* contra.

---

14367.   CHATHAM MOTOR COMPANY *v.* LINCOLN MOTOR COMPANY.

JENKINS, P. J. 1. "The holder of a note is presumed to be such bona fide and for value." Civil Code (1910), § 4288; *Rhodes* v. *Beall*, 73 *Ga.* 641; *Wade* v. *Elliott*, 11 *Ga. App.* 646, 648 (75 S. E. 989); *Brantley* v. *Merchants & Farmers Bank*, 22 *Ga. App.* 667 (97 S. E. 109). The allegation of the petition, that the note sued on, indorsed by the payee, was negotiated by the payee to the plaintiff, was good as against the ground of general demurrer that the petition failed to disclose that the plaintiff was a bona fide purchaser for value before maturity. No other basis of the general demurrer that "the petition fails to set out any cause of action" appears in the demurrer or the briefs, nor is there any other argument or insistence. With regard to the special demurrers, the brief of plaintiffs in error states that "the special demurrers were met by amendments," and no argument or insistence is made thereon.

2. In addition to filing a demurrer to the petition, the defendants filed a plea denominated by them as a plea in abatement (see *Dougherty* v.

*Bethune, 7 Ga.* 90), setting up that on the date the note sued on was executed by the defendants, the payee was in the hands of receivers appointed by the United States court for the eastern district of Michigan, and therefore was unable to contract, rendering the note sued on null and void, and that "indorsement by said payee could not transfer title to the plaintiff in this case." The court sustained the plaintiff's demurrer to this plea. Upon direct bill of exceptions preceding any final judgment the defendants seek to review both the judgment overruling their demurrer to the petition and the judgment striking their plea. The latter judgment could not be reviewed by direct writ of error; and the exceptions thereon, being premature, cannot be considered with the exceptions to the judgment on the demurrer to the petition. *Turner* v. *Camp*, 110 *Ga.* 631 (2), 632 (36 S. E. 76); *Amos* v. *Continental Trust Co.*, 22 *Ga. App.* 348 (6) (95 S. E. 1025); *Johnson* v. *Battle*, 120 *Ga.* 649 (48 S. E. 128); *Western & Atlantic R. Co.* v. *Williams*, 146 *Ga.* 27 (90 S. E. 478); *City of Tallapoosa* v. *Brock*, 143 *Ga.* 599 (85 S. E. 755); *Baldwin* v. *Lowe*, 129 *Ga.* 711 (59 S. E. 772); *English* v. *Rosenkrantz*, 150 *Ga.* 745 (105 S. E. 292). The motion to dismiss the entire writ of error cannot, however, be granted. *Hill* v. *State*, 118 *Ga.* 21, 22, 23 (44 S. E. 820).

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 27, 1923.

Complaint; from city court of Savannah—Judge Freeman. January 22, 1923.

*Ulmer & Bright,* for plaintiff in error.

*Conneral & Hunter,* contra.