16218.  HALE, administrator, *v*. HALE, administratrix.

JENKINS, P. J.  An administrator sued an administratrix on a promissory note executed by her intestate.  The defendant by her plea admitted "a prima facie case for the plaintiff," setting up the execution of the note by her intestate, and admitting that "the plaintiff as administrator . , is the holder thereof," but in her plea further averred that the note not only was paid, but was thereafter surrendered to defendant's intestate, and, while in his possession at the time of his death, wrongfully came into the possession of the plaintiff administrator.  On the trial of the case the defendant, without objection, assumed the burden of proof, and obtained the opening and conclusion.  The defendant introduced, without objection, certain evidence indicating payment, and certain evidence indicating subsequent possession of the note by the defendant's intestate.  The judge in his charge instructed the jury that possession of the note by the payee is presumptive evidence of nonpayment, but further instructed them to the effect that if they should believe that the note had been surrendered to the defendant's intestate, this would raise a rebuttable counter-presumption of payment.  To this charge the plaintiff excepted, on the theory that the defendant, having admitted a prima facie case, was not entitled to the benefit of any such counter-presumption as was authorized by the charge.  Exceptions were taken also to the exclusion of certain evidence.  *Held:*

1.  When suit is brought upon an unconditional contract in writing, and the defendant in his answer admits a prima facie case, and states that he executed the note and that the plaintiff is the actual holder thereof, this constitutes such an admission as would authorize a judgment in the amount sued for, unless under other portions of his plea he should prove a defense such as would prevent a recovery.  A presumption of non-payment arises from the plaintiff's possession of the note, and in like manner a presumption arises from the payee's possession that he is legally entitled thereto. *Merchants Nat. Bank* v. *Trustees*, 62 *Ga.* 271, 272 (4); *Brantley* v. *Merchants Bank*, 22 *Ga. App.* 667 (2, 3) (97 S. E. 109); *Walden* v. *Downing Co.*, 4 *Ga. App.* 534 (61 S. E. 1127).  If the defendant, in accordance with his pleading, shows that the note had been surrendered to him, the presumption of non-payment would be met, and the burden of showing non-payment would shift to the plaintiff.  The charge of the court was in accordance with the law as stated above.  The fact that the defendant admitted that the plaintiff as administrator was the actual holder of the note, and was therefore presumably entitled to a judgment, would not estop her from proving the remainder of her plea, to the effect that such possession was in fact illegal and wrongful, and that the plaintiff was not entitled to a recovery, as prima facie appeared to be the case.  Especially would she be entitled to the benefit permitted by the charge, when the evidence in support of such defense in her plea, setting up wrongful possession on the part of the plaintiff, was admitted without objection.  The note in question was executed and the suit thereon was instituted prior to the enactment of the present Negotiable Instruments Law on August 18, 1924, although the case was tried on the day following enactment.  Ga. Laws 1924, pp.

126, 138. Whether or not the provisions of section 59 of that act would operate to change the previous rule as to the burden of proof under the plea need not be decided, since no exception is taken to the defendant's having been allowed the right to open and conclude. See also *Goodell* v. *Wright*, 72 *Ga.* 899; *McCranie* v. *Williams*, 27 *Ga. App.* 693, 697 (109 S. E. 699); *Standard Paint Works* v. *Powell*, 27 *Ga. App.* 691 (2) (109 S. E. 513); *Adams & Co.* v. *Skipper*, 9 *Ga. App.* 123, 126 (70 S. E. 692).

2. The court did not err in excluding as irrelevant a writing offered by the plaintiff, signed by two of the brothers of the defendant's intestate, but unsigned by him, embodying the terms of an alleged settlement between the decedents of the parties and their brothers and sisters in adjusting an estate, in connection with which the note was given, there being no sufficient evidence to show an acceptance of the provisions of such writing by the defendant's intestate. Nor did the court err in excluding the testimony of the widow and heir at law of one of the brothers of defendant's intestate, as to a conversation between the husband of the witness and the defendant's intestate with reference to the receipt by the intestate through the mail of the writing described above, and as to his connection therewith; the witness being "a person interested in the result of the suit," and such testimony, if otherwise relevant, being inadmissible under section 5858, subdivisions 1 and 4 of the Civil Code (1910).

3. The court properly overruled the plaintiff's motion for a new trial.

<em>Judgment affirmed.</em>    <em>Stephens and Bell, JJ., concur.</em>

DECIDED SEPTEMBER 9, 1925.

Complaint; from Walton superior court — Judge Fortson. December 31, 1924.

*R. L. & H. C. Cox, A. C. Stone,* for plaintiff.
*Orrin Roberts, Wolver M. Smith,* for defendant.