## 17587.  ALLIANCE INSURANCE COMPANY *v.* WILLIAMSON.

1. If there was error in the charge of the court complained of, as to the title which would enable the plaintiff to recover on the fire-insurance policy sued on, the error was harmless, in view of the evidence.
2. A fraudulent award may be attacked in a court of law; and the petition was not subject to demurrer on the ground that, being an effort to set aside as void an appraisement made in accordance with the terms

Appeal and Error, 4 C. J. p. 1029, n. 30.

Arbitration and Award, 5 C. J. p. 68, n. 82; p. 69, n. 87; p. 109, n. 95.

Courts, 15 C. J. p. 986, n. 60; p. 987, n. 87.

Fire Insurance, 26 C. J. p. 20, n. 24; p. 32, n. 63; p. 470, n. 85 New; p. 577, n. 6, 7; p. 579, n. 23.

Pleading, 31 Cyc. p. 128, n. 75.

32

of the contract of insurance, and such a proceeding being equitable in its nature, the city court had no jurisdiction to grant such relief.

3. Since, in such a common-law appraisement as the one attacked in this case, the law does not require that the appraisers be sworn, and since neither in the stipulations in the policy providing for appraisement of the loss nor in the agreement to appraise is such a requirement made, the charge of the court, that the award would not be binding if either of the arbitrators or the umpire failed to take an oath, would necessitate a new trial but for the fact that it was rendered harmless, for reasons appearing in the next division of the decision.

4. The award was void because of the unauthorized substitution of another person as umpire in the place of the one who was originally selected by the appraisers and who signified his acceptance of the appointment by taking the oath. The evidence introduced for the purpose of showing that the plaintiff had not agreed to such substitution was relevant, to show a lack of ratification of the illegal substitution.

5. The rule, that where an agreement for appraisal of the loss is made by the parties to a contract of insurance, a legal completion of the appraisal and a valid award thereunder become a condition precedent to a recovery by the assured, does not apply so as to entitle the insurer to insist upon an additional appraisement, where it is shown that the insurer, by fraudulent conduct, has breached the agreement for appraisement.

6. Such a demand as is required by the Civil Code (1910), § 2549, in order for the insured to recover damages in addition to the loss, is not shown by the evidence in this case, and the verdict for such damages was unauthorized. The judgment overruling the defendant's motion for a new trial is affirmed on condition that such damages be written off.

DECIDED FEBRUARY 26, 1927.

Complaint on fire policy; from city court of Richmond county— Judge Black.  June 18, 1926.

Applications for certiorari were made to the Supreme Court.

*Smith, Hammond & Smith, Hull, Barrett & Willingham,* for plaintiff in error.

*W. Inman Curry, Pierce Brothers,* contra.

JENKINS, P. J.  1. The policy of automobile fire-insurance sued on, on which the plaintiff obtained a judgment for $1,500 as the amount of the loss, and $315 damages, contained the following provisions: "The entire policy shall be void unless otherwise provided by agreement in writing added hereto, if the interest of the assured in the subject of this insurance be other than unconditional and sole ownership. Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage to any property insured hereunder while encumbered by any lien or mortgage." It appears from the record that the plaintiff, C. D. H. Williamson, in good faith, acquired his

title from Troy Williamson, who had purchased the property at a judicial sale. It appears that Moody, the person against whom the judicial proceeding was directed, had purchased the property from Chapman Motors Company, which retained the title thereto to secure a portion of the purchase price due by Moody. After a judgment setting up a lien in favor of Troy Williamson against the property had been rendered, and the property levied upon, a claim was filed by Chapman Motors Company, which claim was dismissed by the court, and the property was thereafter sold under the levy and judgment referred to, without renewal of the claim. At the trial of the instant case the defendant offered in evidence the title-retention contract referred to, and two of the past-due purchase-money notes signed by Moody, but did not purport to be the owner thereof, and offered no proof as to the source from which the notes and contract were obtained, whether from Moody or Chapman Motors Company, or as to who purported to be the owner thereof. The defendant excepts to the following charge of the court: "Under the terms of the policy Mr. Williamson had to be the sole and unconditional owner of the automobile that was de-stroyed, and if you find from the evidence that he was not the sole and unconditional owner of the automobile that was destroyed by fire, then I charge you he would not be entitled to recover. If you find from the evidence that Mr. Troy Williamson purchased the car at a sheriff's sale in this county, and the validity of the sale was not questioned by the Chapman Motors Company, the persons that sold the car, or by Mr. Moody, the original purchaser, and that Mr. Troy Williamson sold the car to the plaintiff, then the plaintiff has such title as will entitle him to recover in this case, provided you find he is otherwise entitled to recover."

While, under the law of the code, an insurable interest is defined as "some interest in the property or event insured," and a "slight or contingent interest is sufficient, whether legal or equitable" (Civil Code of 1910, § 2472), such an insurable interest is not to be taken as synonymous with the sole and unconditional ownership required by the terms of the policy; nor does the rule as to an insurable interest dispense with the contractual requirement as to liens upon the property constituting the subject-matter of the risk. It appears to be the general rule that when the subject-matter of insurance is personal property, and the vendee is in possession

under a conditional contract of sale, the title to remain in the vendor until the conditions are performed, the vendee is not the sole and unconditional owner. 7 Ann. Cas. 499; 38 A. L. R., 186, 200; 14 R. C. L. 258, § 234 et seq.; *Williamson* v. *Orient Ins. Co.,* 100 Ga. 791 (28 S. E. 914); *Conyers* v. *Yorkshire Ins. Co.,* 30 *Ga. App.* 6 (117 S. E. 102). Whether or not the rule just stated would have application where the contract of purchase as entered into by the insured is for the sole and unconditional ownership of the property, but where the insurer makes it to appear that there is an outstanding purchase-money note given under a conditional-sale contract against some antecedent owner, it is not necessary to determine; nor is it necessary to determine whether the charge complained of must be accounted erroneous for the reason that the original owner referred to did not necessarily estop himself by his conduct from claiming title to the property after permitting it to be sold without renewing his claim (see *McLennan* v. *Graham,* 106 *Ga.* 211, 32 S. E. 118; *Lawless* v. *Orr,* 122 *Ga.* 276, 50 S. E. 85); this being true for the reason that the burden rests upon the defendant of showing that the plaintiff was not the sole and unconditional owner of the property possessed by him and covered by the terms of the policy (*Giles* v. *Citizens Ins. Co.,* 32 *Ga. App.* 207, 122, S. E. 890); and since the past-due notes were not introduced in evidence by the defendant as belonging to it, and since it failed to show from what source this bare possession had been acquired, whether from Chapman or Moody, and since such bare possession by the defendant company of such past-due instruments, without any sort of proof that they were in fact outstanding, raised no presumption of their nonpayment, the burden resting upon the defendant was not met. If the defendant had claimed to be the owner and holder of the notes, the rule would be otherwise, and a presumption of their nonpayment would arise. *Liddell* v. *Wright,* 72 *Ga.* 899; *Brantley* v. *Merchants. & Farmers Bank,* 22 *Ga. App.* 667 (97 S. E. 109); *Hale* v. *Hale,* 34 *Ga. App.* 314 (129 S. E. 445). Accordingly, any error in the charge complained of was harmless to the defendant.

2. The policy of insurance sued on provided as follows: "In case the assured and this company shall fail to agree as to the amount of loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser. The ap-

praisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the assured or this company, such umpire shall be selected by a judge of a court of record in the county and State in which the property insured was located at time of loss.  The appraisers shall then appraise the loss and damage, stating separately sound value and loss or damage to each item; and failing to agree, shall submit their differences only to the umpire.  An award in writing, so itemized, of any two when filed with this company shall determine the amount of sound value and loss or damage.  Each appraiser shall be paid by the party selecting him, and the expenses of appraisal and umpire shall be paid by the parties equally." It appears from an amendment to the petition that under an agreement entered upon by the insured and by the insurance company, the question of the amount of the loss was submitted for appraisement, and that a finding was made, establishing the amount of the loss at the sum of $450.  The petition alleged that the award was fraudulently procured, in that the appraiser selected by the defendant and the umpire selected by the appraisers were interested and biased, and were selected for the purpose of procuring a fraudulent award against the interests of the plaintiff.  It is alleged in the petition that the purported umpire signing the award had fraud-ulently procured the temporary absence of the real umpire originally selected by the appraisers, for the purpose of having himself appointed in his stead, and for the purpose of agreeing with the contentions of the appraiser selected by the defendant, and that the appraisal thus consummated by the vote of the substituted umpire was fraudulent and not binding upon the plaintiff.  The defendant demurred to the petition as amended, upon the ground that it was in substance an effort to set aside and declare void the appraisement made in accordance with the terms of the contract of insurance, and that, such a proceeding to annul being equitable in its nature, the city court had no jurisdiction to grant such relief. The demurrer was overruled, and to this action exceptions were taken pendente lite.  "In this State, parties may obtain the same relief against an award in a court of law as in a court of equity." *Atlanta & Richmond R. Co.* v. *Mangham,* 49 *Ga.* 266, 268; *Eberhardt* v. *Federal Ins. Co.,* 14 *Ga. App.* 340 (80 S. E. 856).

3.  The amendment sets forth, as an additional reason why such

an award was not binding upon the plaintiff, that the umpire thus substituted was never sworn before proceeding to act as such. Exception is taken to the following charge of the court: "The arbitration agreement in this case is binding upon the parties and is the limit of the authority of the arbitrators, and if the arbitration agreement provided that the arbitrators and umpire should first take an oath before entering upon the discharge of their duties, or if it was contemplated by said agreement that they should take such an oath, and if you should further believe from the evidence that either of said arbitrators or umpire failed to take the oath provided for and made an award not under oath, then I charge you that such an award would not be binding upon the parties to this case." Since in such a common-law appraisement the law does not require that the appraisers be sworn, and since neither under the stipulations in the policy providing for appraisement of the loss nor under the agreement to appraise is such a requirement made, the instruction was possibly misleading, and therefore erroneous, and but for the fact that it was rendered harmless, for the reasons set forth in the next division of the syllabus, would necessitate a new trial.

4. Since, under the above-quoted provisions of the policy and the agreement for appraisement entered into by the parties, the appraisers designated were authorized to select an umpire, and it appears that they exercised that authority, and the umpire so selected signified his acceptance of the appointment by taking the oath, thus becoming a member of the appraisal body, in the absence of a refusal on the part of the umpire to proceed with the appraisal, or his incapacity to do so, thus creating a vacancy in his office, the appraisers were without authority to substitute another person as umpire in his stead, and any award participated in and controlled by the vote of such substituted umpire was necessarily void. The evidence objected to by the defendant, introduced for the purpose of showing that the plaintiff had not agreed to such substitution, was relevant to show a lack of ratification of such illegal substitution.

5. The defendant does not set up as a ground of defense the inability of the plaintiff to sue on the policy prior to the consummation of a legal appraisement of the loss. It is the general rule that the defendant is not entitled to the benefit of any defense

which should be made by his answer and as to which his answer is silent. *Harrell* v. *Blount*, 112 *Ga.* 711 (2) (38 S. E. 56); *Kiser* v. *Westbrook*, 33 *Ga. App.* 208 (125 S. E. 774). But, irrespective of any such rule. the rule announced by this court in *Insurance Company of North America* v. *Folds*, 35 *Ga. App.* 720 (135 S. E. 107), to the effect that where an agreement for the appraisal of the loss sustained is entered into by the parties to the contract of insurance, the legal completion of the appraisal and a valid award thereunder become a condition precedent to a recovery by the insured, would not have application so as to entitle the defendant to insist upon a further and additional appraisement, where it has been shown that the defendant has by its own fraudulent charge breached its agreement to appraise. The evidence upon the issue of fraud is such that this court does not feel authorized to interfere with the findings of the jury upon that issue, and the judgment in favor of the plaintiff can not be set aside for any of the reasons assigned.

6. It is urged that the award of damages included in the judgment against the defendant under section 2549 of the Civil Code was not authorized by the allegations of the plaintiff's petition or by the proof submitted. This section provides: "The several insurance companies of this State, and foreign insurance companies doing business in this State, in all cases when a loss occurs, and they refuse to pay the same within sixty days after a demand shall have been made by the holder of the policy on which said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss, not more than twenty-five per cent. on the liability of said company for said loss; also, all reasonable attorney's fees for the prosecution of the case against said company: provided, it shall be made to appear to the jury trying the same that the refusal of the company to pay said loss was in bad faith." The provision for damages, being in the nature of a penalty, must be strictly construed, and in order for damages to be authorized it must appear that the company, in bad faith, refused to pay the claim within sixty days after a demand had been made. In the case of *New Zealand Fire Insurance Co.* v. *Brewer*, 29 *Ga. App.* 773 (8) (116 S. E. 922), it was held that "under the provisions of section 2549 of the Civil Code (1910), the liability of the insurer for attorney's fees and damages could not accrue until the lapse of

sixty days from the date of a demand made when there was a right to demand," citing *Lester* v. *Piedmont &c. Ins. Co.;* 55 *Ga.* 476 (4); *Ancient Order United Workmen* v. *Brown,* 112 *Ga.* 545 (3) (37 S. E. 890). In the *Lester* case the Supreme Court said: "The Code, section 2850 [2549], makes the forfeiture depend on refusal for sixty days after *demand.* The demand ought, therefore, to be averred as taking place at a time when the plaintiff had a right to exact present payment, and the declaration should show that refusal, in bad faith, was made and persisted in for sixty days. There is no *demand,* in direct terms, averred in this declaration; and the only application for payment alleged is that which took place at the time of submitting proof of death, etc., and that was before the plaintiff had a right to make absolute demand for payment; for the company, according to the terms of the policy, could defer payment for ninety days, or perhaps eighty-nine days, after receiving the stipulated proofs."

In the instant case it appears from the petition that the fire occurred on December 18, 1922; that proof of loss was submitted within sixty days thereafter, on February 16, 1923, and that after a refusal, on February 17, 1923, to pay the loss, suit was instituted on April 18, 1923. It thus appears that while the plaintiff might have properly instituted suit after sixty days from the filing of the proof of loss on February 16, in order to recover *damages* it must appear that after the right to exact present payment had accrued, a demand was made and payment persistently refused, in bad faith, for another sixty days. The suit having been instituted, however, prior to such persistent refusal to respond to any demand made at a time when a demand for present payment could be properly made, the award of damages is unauthorized and should be stricken from the judgment.

Counsel for the defendant in error assumes the attitude that "the employing of an adjuster, the attempt to agree on the loss by the insured and the adjuster, the agreement of appraisal, the selection of appraisers and an umpire, and the actual making of a fraudulent award, is ample evidence of a demand having been made upon the insurance company for payment under the policy." It does not appear from the petition that any demand, as such, was ever made, but even if the facts and circumstances mentioned could be taken as equivalent to impliedly alleging a demand, the mat-

ters referred to could not be taken as meeting the requirements of the penal statute, since they took place at a time when the plaintiff had no "right to exact present payment." Even though it should be assumed that such conduct of the parties with reference to the arbitration could be taken as dispensing with the necessity for a subsequent proof of loss (Civil Code of 1910, § 2490), and even though, as stated, the allegations relating to such conduct could possibly be strained into the equivalent of an allegation of a demand for payment, it could not be such a valid demand as contemplated by section 2549 of the code, since the transactions only went to establish the amount of the loss sustained, as preparatory to a subsequent valid demand at a time when present payment could be exacted.

Since the recovery of damages was unauthorized, but the verdict and judgment were not otherwise illegal for any of the reasons urged, the judgment overruling the motion for a new trial is affirmed, upon condition that the plaintiff will write off the recovery as to damages at the time the remittitur is made the judgment of the court below; otherwise the judgment will be reversed.

*Judgment affirmed on condition. Stephens and Bell, JJ., concur.*