26370. PATTISON *et al. v.* DAVIS, administrator.

BROYLES, C. J. 1. "Except as to cases specially provided for by law, the Civil Code (1910), § 6138 [Code of 1933, § 6-701], declares that 'no cause shall be carried to the Supreme Court [or the Court of Appeals] upon any bill of exceptions so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the case.' *Baldwin* v. *Lowe,* 129 *Ga.* 711 (59 S. E. 772); *City of Tallapoosa* v. *Brock,* 143 *Ga.* 599 (85 S. E. 755)." *Brock* v. *Tallapoosa,* 19 *Ga. App.* 793 (92 S. E. 281).

2. It is well settled by repeated decisions of the Supreme Court and the Court of Appeals that a judgment sustaining or striking a plea in abatement is not a final judgment within the meaning of Code, § 6-701, and that such a judgment can not be reviewed by a direct bill of exceptions to the appellate court. *Brock* v. *Tallapoosa,* supra, headnote 2, and cit.; *Chatham Motor Co.* v. *Lincoln Motor Co.,* 31 *Ga. App.* 229 (2) (120 S. E. 444); *English* v. *Rosenkrantz,* 150 *Ga.* 745 (105 S. E. 292).

3. In the instant case the only assignment of error in the bill of exceptions is upon the judgment setting aside the verdict of the jury finding in favor of the plea in bar filed by the defendants. The judgment complained of was not a "final" judgment, and can not be reviewed by this court on a direct bill of exceptions. "That the necessary effect of a judgment sustaining a plea of res judicata to a suit may be to entitle the defendant to a judgment dismissing the action, as a matter of course, is not decisive of the question. . . A judgment sustaining a plea of res judicata to a suit, though generally controlling, is not 'final' within the meaning of the Civil Code (1910), § 6138" (Code of 1933, § 6-701). *English* v. *Rosenkrantz*, supra. Of course the same principle applies where the jury finds in favor of the plea, and their verdict is set aside by the judge, and that judgment is excepted to in a direct bill of exceptions.

*Writ of error dismissed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 4, 1937. REHEARING DENIED DECEMBER 15, 1937.

*R. J. Bacon, S. B. Lippitt,* for plaintiffs in error.
*Farkas & Burt,* contra.