26841.   COOPER *et al.*, executors, *v.* VANHORN.

DECIDED OCTOBER 1, 1938.

*Rosser & Shaw, G. W. Langford,* for plaintiff in error.
*Julius Rink,* contra.

BROYLES, C. J. 1. "It is well settled by repeated decisions of the Supreme Court and the Court of Appeals that a judgment sustaining or striking a plea in abatement is not a final judgment within the meaning of Code, § 6-701, and that such a judgment can not be reviewed by a direct bill of exceptions to the appellate court." *Pattison* v. *Davis,* 56 *Ga. App.* 801 (194 S. E. 222), and cit.

2. In *Pattison* v. *Davis,* supra, the only assignment of error in the bill of exceptions was "upon the judgment setting aside the verdict of the jury finding in favor of the plea in bar filed by the defendants. The judgment complained of was not a 'final' judgment, and can not be reviewed by this court on a direct bill of exceptions. 'That the necessary effect of a judgment sustaining a plea of res judicata to a suit may be to entitle the defendant to a judgment dismissing the action, as a matter of course, is not decisive of the question. . . A judgment sustaining a plea of res judicata to a suit, though generally controlling, is not "final" within the meaning of the Civil Code (1910), § 6138' (Code of 1933, § 6-701)," citing *English* v. *Rosenkrantz,* 150 *Ga.* 745 (105

S. E. 292). "Of course the same principle applies where the jury finds in favor of the plea, and their verdict is set aside by the judge, and that judgment is excepted to in a direct bill of exceptions."

3. In the case at bar (a suit on an alleged contract) the defendants filed a plea in abatement and the plaintiff filed his answer thereto. The issue thus formed was tried by the judge, without the intervention of a jury. After the introduction of evidence he entered an order overruling the plea. Subsequently the defendants' motion for a new trial, *based solely upon the judgment overruling the plea,* was denied, and to that judgment the defendants excepted directly. Under the ruling set out in the preceding headnotes, the judgment complained of was not a final judgment, and can not be reviewed by this court on a direct bill of exceptions.

4. The only other assignment of error is upon the judgment overruling the demurrer to the petition. However, that judgment can not be reviewed for the following reasons: The record shows that the demurrer was overruled on July 1, 1937; and although the defendants filed their exceptions pendente lite to that judgment, which were allowed and certified on July 20, 1937, the final bill of exceptions was not tendered to the judge until January 18, 1938; and since the only other assignment of error in the bill of exceptions can not be reviewed by this court, the long lapse of time between the judgment overruling the demurrer and the presentation of the final bill of exceptions prevents us from reviewing that judgment.

*Writ of error dismissed. MacIntyre and Guerry, JJ., concur.*