## 28784. HARRIS v. THE STATE.

DECIDED JANUARY 21, 1941.

*Randall Evans Jr., Jack D. Evans, James R. Evans, L. D. Mc-Gregor,* for plaintiff in error.

*J. Cecil Davis, solicitor-general, C. E. Sutton,* contra.

BROYLES, C. J. The defendant was indicted for a felony. Upon the trial he filed a timely plea in abatement containing several grounds. Upon demurrer by the State, several of the grounds were stricken, and that judgment was excepted to pendente lite and subsequently excepted to in the bill of exceptions. Other rulings upon the plea in abatement, which it is not necessary to particularize, were also excepted to pendente lite and in the bill of exceptions. The court submitted to the jury one issue which was raised by one ground of the plea in abatement, and a verdict against the plea was returned by the jury. Subsequently the defendant filed a motion for new trial on that issue; the motion was overruled and in the bill of exceptions that judgment was assigned as error. Otherwise than stated, the bill of exceptions contains no assignment of error.

Save as to cases specially provided for by law, it is well settled that no case can be brought to this court so long as it is pending in the court below unless the judgment complained of, if it had been rendered in favor of the plaintiff in error, would have been a final disposition of the case. *Tallapoosa* v. *Brock,* 143 *Ga.* 599 (85 S. E. 755); *Baldwin* v. *Lowe,* 129 *Ga.* 711 (59 S. E. 772); *Pattison* v. *Davis,* 56 *Ga. App.* 801 (194 S. E. 222). It is equally well settled that a judgment sustaining or striking a plea in abatement is not a final judgment within the meaning of Code, § 6-701, and that such a judgment can not be reviewed by a direct bill of exceptions to the appellate court. *Pattison* v. *Davis,* supra; *Cooper* v. *Vanhorn,* 58 *Ga. App.* 446 (198 S. E. 794); *English* v. *Rosenkrantz,* 150 *Ga.* 745 (105 S. E. 292). Even a judgment *sustaining* a plea of res judicata or a plea in abatement to a suit, though generally controlling, is not "final" within the meaning of Code, § 6-701. *English* v. *Rosenkrantz,* supra. Of course the

same principle applies where the plea is submitted to the jury and a verdict against the plea is returned, and a motion for a new trial, *based solely upon the issues raised by the plea,* is denied, and that judgment is assigned as error. Such judgment is not a final judgment within the meaning of the Code section. *Pattison* v. *Davis,* supra; *Cooper* v. *Vanhorn,* supra.

Since the bill of exceptions contains no assignment of error on any final judgment, this court is without jurisdiction to entertain the same and the writ of error must be

*Dismissed. MacIntyre and Gardner, JJ., concur.*