## 36294. GOLDSTEIN *v.* THE STATE.

CARLISLE, J. To an indictment (or more accurately a special presentment) in nine counts charging him with making, possessing, and uttering certain forged negotiable instruments, the defendant filed his plea in abatement to the first six counts upon the ground, among others, that the witnesses named on the indictment (or special presentment) had not appeared and testified under oath before the grand jury. The solicitor-general filed various demurrers to the plea in abatement, some of which were sustained and others overruled. Upon the hearing of evidence and argument of counsel upon the plea in abatement, the trial court overruled the plea in abatement. In his bill of exceptions in this court the defendant assigns error upon the trial court's sustaining certain of the solicitor-general's demurrers to the plea, assigns error upon the rejection of certain evidence upon the hearing of the plea, and upon the trial court's overruling the plea. Insofar as it appears from the record, the defendant has never been tried under the indictment and there has been no final judgment in the case.

1. "Save as to cases specially provided for by law, it is well settled that no case can be brought to this court so long as it is pending in the court below unless the judgment complained of, if it had been rendered in favor of the plaintiff in error, would have been a final disposition of the case. *Tallapoosa* v. *Brock,* 143 *Ga.* 599 (85 S. E. 755); *Baldwin* v. *Lowe,* 129 *Ga.* 711 (59 S. E. 772); *Pattison* v. *Davis,* 56 *Ga. App.* 801 (194 S. E. 222). It is equally well settled that a judgment sustaining or striking

220

a plea in abatement is not a final judgment within the meaning of Code § 6-701, and that such a judgment can not be reviewed by a direct bill of exceptions to the appellate court. *Pattison* v. *Davis,* supra; *Cooper* v. *Vanhorn,* 58 *Ga. App.* 446 (198 S. E. 794); *English* v. *Rosenkrantz,* 150 *Ga.* 745 (105 S. E. 292). Even a judgment sustaining a plea of res judicata or a plea in abatement to a suit, though generally controlling, is not 'final' within the meaning of Code § 6-701. *English* v. *Rosenkrantz,* supra. Of course the same principle applies where the plea is submitted to the jury and a verdict against the plea is returned, and a motion for a new trial, *based solely upon the issues raised by the plea,* is denied, and that judgment is assigned as error. Such judgment is not final judgment within the meaning of the Code section. *Pattison* v. *Davis,* supra; *Cooper* v. *Vanhorn,* supra." *Harris* v. *State,* 64 *Ga. App.* 281 (13 S. E. 2d 42).

2. Applying the foregoing principles of law to the facts of the present case, the writ of error must, on motion of the solicitor-general, be dismissed as premature. The judgments to which exceptions are taken are not final within the meaning of Code § 6-701 and would not have been final even if the trial court had ruled as the defendant contends it should have.

*Writ of error dismissed. Gardner, P. J., and Townsend, J., concur.*

Decided July 16, 1956.

*Wilbur B. Nall, W. George Thomas,* for plaintiff in error.
*George D. Lawrence, Solicitor-General,* contra.