### 37980.  MEDERNACH *v.* BAZEMORE.

TOWNSEND, Judge. Code (Ann.) § 6-701, prior to the amendment of 1957 (Ga. L. 1957, pp. 224, 230), provided that no bill of exceptions would lie while the cause is pending in the trial court unless the judgment complained of, if rendered as claimed by the plaintiff in error, would have been a final disposition of the case. Under that law it was held in *Johnson* v. *Battle*, 120 *Ga.* 649 (2) (48 S. E. 128): "Unless there has been a final termination of the case in the court below, a writ of error will not lie to an order striking a plea, even though the effect of such order may be to entitle the plaintiff to a judgment or verdict as matter of course." Equally, a judgment overruling a plea in abatement or a plea in bar is not final within the meaning of the Code section. *Pattison* v. *Davis*, 56 *Ga. App.* 801 (194 S. E. 222); *Cooper* v. *Vanhorn*, 58 *Ga. App.* 446 (198 S. E. 794). The act of 1957, supra, made final for purposes of review three additional types of judgments— those entered on pleas to the jurisdiction, pleas of res judicata, and general demurrers to caveats in the probate of wills. The only judgment excepted to here, the overruling by the trial judge of the defendant's plea of accord and satisfaction, falls within none of these categories, and is accordingly not one to which exception may be taken prior to the final termination of the case. It follows that the bill of exceptions must be

*Dismissed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED NOVEMBER 18, 1959.

722

*James E. Lucas, J. Walter Cowart,* for plaintiff in error.
*Charles C. Martin,* contra.