### 73986. FULLER v. THE STATE.
(356 SE2d 554)

BIRDSONG, Chief Judge.

Samuel L. Fuller, the appellant, was indicted during the April 1985 Term of the Bibb Superior Court for the offenses of robbery by sudden snatching, and criminal solicitation to compound a felony. The record indicates that Fuller was represented by counsel, entered a plea of guilty to both counts during the August 1985 Term, and was

sentenced on September 23, 1985 to eight years on Count 1, and two and one-half years on Count 2. No appeal was taken from that judgment and sentence.

On August 14, 1986, Fuller, pro se, filed a "Belated Plea in Abatement" in the Bibb Superior Court. In that document he presented a challenge to the grand jury, alleging, inter alia, failure to select the "most experienced, intelligent and up right [sic] citizens," that the jury commissioners selected special individuals to serve and excluded blacks, and that the grand jury sitting in the February Term was the same grand jury sitting in the April Term.

The superior court directed the district attorney to respond to the charges, and "[a]fter considering arguments from both sides" the court dismissed appellant's "Plea in Abatement" without convening an oral hearing. A timely notice of appeal was filed with this court. *Held*:

Appellant argues that the trial court erred in dismissing his Plea in Abatement without holding an oral argument. We do not agree. We cannot fathom the purpose of a purported "plea in abatement" following the trial of a criminal case which has been completed for almost one year. Appellant has cited us to *Betts v. State*, 66 Ga. 508, 514 in which the Supreme Court held that a plea in abatement, filed at arraignment, as to the competency of a grand juror was without merit. Of course, in that instance, since the plea was filed prior to trial, if it had been sustained, the trial would have abated pending a new indictment. But, in the instant case, the plea was filed almost one year after judgment. Further, since a plea in abatement only defers action, this court has held that "[a] judgment sustaining or dismissing a plea in abatement is not such a final judgment as can be made the subject of an appeal to this court within the meaning of Code Ann. § 6-701 [now OCGA § 5-6-34]." *Peach v. State*, 116 Ga. App. 703, 704 (158 SE2d 701); accord *Goldstein v. State*, 94 Ga. App. 219 (1) (94 SE2d 100); *Harris v. State*, 64 Ga. App. 281 (13 SE2d 42). However, we will apply the rule that misnomer of a pleading will not be controlling where the remedy sought is clear, and we will judge the pleading by its content. *McDonald v. State*, 222 Ga. 596, 597 (151 SE2d 121). Here, it is evident appellant sought a new trial because of alleged defects in the grand jury selection process. Objections to the composition of a grand jury must be raised at the earliest opportunity. *Thomas v. State*, 239 Ga. 734 (1) (238 SE2d 888). Hence, a challenge to the array of grand jurors is waived unless timely filed, and must be raised prior to the return of the indictment, or defendant must show he had no knowledge, either actual or constructive, of such illegal composition. *Sullivan v. State*, 246 Ga. 426 (271 SE2d 823); *Sanders v. State*, 235 Ga. 425 (219 SE2d 768), cert. den. 425 U. S. 976. Although appellant alleges he personally was without actual or con-

structive knowledge of the alleged defects, at his trial he was represented by counsel and there is no affidavit of counsel as to a similar lack of knowledge. The challenge was not timely and an exception is not supported by the evidence.

The appellant entered pleas of guilty to both charges in his trial. "[T]he valid plea of guilty waived all defenses, known and unknown." *Snell v. Smith*, 228 Ga. 249, 250 (184 SE2d 645). Hence, a plea of guilty "waives [any] claim of invalid jury selection and grand jury composition. . . ." *Addison v. State*, 239 Ga. 622, 624 (238 SE2d 411); accord *Tollett v. Henderson*, 411 U. S. 258 (93 SC 1602, 36 LE2d 235); *Sims v. Caldwell*, 231 Ga. 377, 378 (202 SE2d 70).

We must note that although appellant filed his plea in abatement he neither filed nor requested a rule nisi. And, since appellant cannot appeal from a judgment on a plea in abatement and we have treated the plea as a motion for new trial, because it was not filed within the statutory 30 days, it must be considered as an extraordinary motion for new trial. *Dyal v. State*, 121 Ga. App. 50 (1) (172 SE2d 326); *Williams v. State*, 251 Ga. 83, 84 (303 SE2d 111). Our Supreme Court has held that "an extraordinary motion for new trial which fails to show any merit may be denied without the necessity of a hearing." *Dick v. State*, 248 Ga. 898, 899 (287 SE2d 11); accord *Sinkfield v. State*, 232 Ga. 892, 893 (209 SE2d 188); *Fulford v. State*, 222 Ga. 846, 847 (152 SE2d 854). Inasmuch as appellant did not request oral argument, nor file a rule nisi, and his valid plea of guilty waived any right to present a claim of error as to composition of the grand jury, his motion was without merit and the trial court did not err in failing to hold an oral hearing, and in denying his "plea in abatement."

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 13, 1987.

Samuel L. Fuller, *pro se.*
*Willis B. Sparks III, District Attorney*, for appellee.