# Court of Appeals
# of the State of Georgia

ATLANTA,  October 22, 2018

*The Court of Appeals hereby passes the following order:*

**A19D0121. ANTON J. SMITH v. THE STATE.**

A jury convicted Anton J. Smith of rape, kidnapping, aggravated sodomy, armed robbery, and burglary. This Court reversed his conviction for armed robbery, but otherwise affirmed. See *Smith v. State*, 244 Ga. App. 165 (534 SE2d 903) (2000). Thereafter, Smith filed a motion to dismiss and, subsequently, a "motion for notice of ruling" regarding same. In an order entered on August 16, 2018, the trial court denied Smith's motion to dismiss and dismissed as moot his motion for notice of a ruling. On September 24, 2018, Smith filed an application for discretionary review from the denial of his motion to dismiss.[1] We, however, lack jurisdiction.

To be timely, an application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Because Smith did not file his application until 39 days after the entry of the order he seeks to appeal, his appeal is untimely.

Moreover, according to his application, in his motion to dismiss, Smith argued that the trial court lacked subject-matter jurisdiction because his indictment was not returned in open court. But such a claim is an attack on the validity of his convictions.

---

[1] Pursuant to Court of Appeals Rule 31 (e), "The applicant shall include with the application a copy of any petition or motion that led directly to the order or judgment being appealed and a copy of any responses to the petition or motion." In violation of this rule, Smith has failed to include a copy of his motion with his application.

See *Thompson v. State*, __ Ga. __ (3) (816 SE2d 646, 651) (2018) ("Appellant claims that his convictions are void because the record does not show that his indictment was returned in open court."); *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (holding that attacks on the indictment are essentially attempts to have the judgment of conviction vacated). "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case[,]" and any appeal from an order denying or dismissing such a motion must be dismissed.[2] *Harper v. State*, 286 Ga. 216, 218 (1) (2) (686 SE2d 786) (2009).

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   10/22/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] Smith could have challenged the failure to return the indictment in open court through a plea in abatement, see, e.g., *State v. Brown*, 293 Ga. 493, 493 (748 SE2d 376) (2013), but such a motion must be filed before trial. See *Fuller v. State*, 182 Ga. App. 614, 615 (356 SE2d 554) (1987).