126 P.2d 298

**MILOSEVICH et al. v. BOARD OF COUNTY COMMISSIONERS OF McKINLEY COUNTY.**

No. 4658.

Supreme Court of New Mexico.

May 14, 1942.

Denny & Glascock, of Gallup, for plaintiffs in error.

David W. Carmody, Dist. Atty., and Arthur Livingston, Asst. Dist. Atty., both of Santa Fe, for defendant in error.

BICKLEY, Justice.

There was an action brought by plaintiffs in error against the defendant in error under the provisions of Section 43-301, N.M.S.A.1929 Comp.

The cause was submitted to a jury, which returned a verdict in favor of plaintiff, whereupon defendant in error moved for and was granted a new trial.

Plaintiff in error seeks a review of the order of the trial court granting the new trial.

Defendant has filed a "Motion to quash writ of error" and a"Motion to dismiss writ of error."

We consider these motions in the order named.

Movant concedes that beginning with Compiled Laws 1884, Sec. 2193, and continuing through the operative period of Chap. 43, Laws 1917, a writ of error was cumulative with appeal as a method of review.

Movant says, however, that by the amendment of Sec. 4 of Chap. 43, Laws 1917, by Sec. 2 of Chap. 93, Laws of 1927, an important change was made. It points to Sec. 4 of Chap. 43, Laws 1917, as providing: "Writs of error to bring into the Supreme Court any cause adjudged or determined in any of the District Courts as provided in *sections one and two of this act,* may be issued by the Supreme Court or any justice thereof, if application therefor be made within the time limited in *sections one and two of this act* for the taking of appeals." (Emphasis supplied.)

Movant directs attention to the foregoing section as amended to read as follows: "Writs of error to bring into the Supreme Court any cause adjudged or determined in any of the District Courts as provided by law, may be issued by the Supreme Court or any justice thereof, if application therefor be made within the time provided by law for the taking of appeals."

Movant says that since there is no reference in the amended act to matters which the Legislature had declared appealable, but the phrase "as provided by law" is employed, it was meant to break the tie theretofore existing between appeals and writs of error and that thenceforth writs of error would lie in those cases only "as provided by law" and that since we had no statutes governing the issuance of writs of error, it must have been the legislative intent to restrict the issuance of writs of error to those cases in which such writs could be employed at common law or in those cases in which the case law of this country had held that writs of error could be employed. Movant says that since Rule VI of Supreme Court Rules is but a rescript of Section 4 of Chapter 43, Laws 1917, as amended, it

must be assumed that the rule-makers intended to preserve the legislative intent.

We think the argument of movant is faulty.

We think that if the Legislature of 1927 had intended to create such a radical change as that suggested by movant, it would have employed language more appropriate to that end.

It will be noted that the original section 4 of Chapter 43, Laws 1917, employed the phrase: "in sections one and two of this act" twice in the same sentence.

The 1927 legislative draftsman worked over section 3 of Chapter 43, Laws 1917, so as to broaden its scope and yet simplify its provisions, and having changed the language: "Appeals, as in this act provided for, shall be allowed upon application to the District Court in which the judgment, order, decision or conviction is rendered." so as to read: "Appeals, as provided by law, shall be allowed upon application to the District Court in which the judgment is rendered."

Since Section 2 of Chapter 43, Laws 1917, was not disturbed by Chapter 93, Laws of 1927, it is indicated that the Legislature considered that the word "judgment" employed in amended Section 3 was appropriate to embrace the longer phrase in the original Section 3: "judgment, order, decision or conviction."

It seems likely that when the Legislature worked over section 4 of Chapter 43, Laws 1917, and employed the phrase "as

provided by law" they meant "as provided by law in case of appeals", which would make amended sections 3 and 4 harmonious as they had theretofore been.

If they had intended the radical departure suggested by movant, it would seem that instead of concluding amended section 4 with the words: "If application therefor be made within the time provided by law for the taking of appeals," they would have said: "If application therefor be made within the time provided by law for the taking of appeals *from final judgments.*"

In Cooper v. Brownfield, 33 N.M. 464, 269 P. 329, 330, handed down June 14, 1928, more than a year after the amendment of section 4 of Chapter 43, Laws 1917, Mr. Chief Justice Parker prepared and filed for the court an opinion in which it was said: "Sections 1 and 4, c. 43, Laws 1917, limit the time for appealing and applying for writs of error from final judgments to 6 months from the entry thereof. Sections 2 and 4, c. 43, Laws 1917, limit the time for applying for appeal or writ of error to 20 days from the entry of a final order made after final judgment."

The Supreme Court was then made up of the same justices who had previously, on January 7, 1928, adopted Rules of Appellate Procedure to be effective March 1, 1928. Rule IV of those Rules is identical with our present Rule VI of Supreme Court Rules and reference is made in a footnote to Laws of 1917, Chap. 43, Section 4, as amended. These Rules re-

spectively are identical with the provisions of section 4, Chap. 43, Laws 1917, as amended in 1927.

It seems likely that those justices who had prepared and adopted the Rules and who subsequently participated in the decision in Cooper v. Brownfield, supra, would have directed the attention of the Bar to the fact, if in their opinion the radical change suggested by the movant had been accomplished. This writer and the then Mr. Chief Justice Sadler and Mr. Justice Zinn participated in revising the Rules of Appellate Procedure in 1935, which embraced Rule VI and is an adoption of Rule IV of the former Supreme Court Rules, and these justices, as well as other members of the court, as now constituted, have always supposed that the Rules contemplate that all proceedings which may be reviewed under the provisions of Rule V by appeal, may under Rule VI be reviewed by writs of error.

Support of this view is found in the language of several of the Supreme Court Rules. Rule X reads as follows: "The return day of appeals and writs of error shall be ninety days, if the judgment to be reviewed be final, and sixty days in other cases, after the allowance of such appeal or the suing out of such writ of error."

Rule XIV, relating to transcripts in section 2 thereof, provides: "If the appellant or plaintiff in error shall fail to file the transcript on or before the return day, or on or before expiration of an extension granted, the appellee or defendant in error may produce and file in the Supreme Court a transcript containing the judgment, *order, decision* or conviction appealed from, and in case of an appeal, the order allowing the same, and may, upon five days notice to the opposite party, move the court to docket said cause and affirm said judgment, *order, decision* or conviction. Upon the hearing of such motion the court may either affirm such judgment, *order, decision* or conviction, or permit the appellant or plaintiff in error to perfect such appeal or writ of error upon such terms as it may deem proper." (Emphasis supplied.)

Section 3 of said Rule provides: "Whether called for by the praecipes or not, there shall always be included in the transcript a copy of the judgment, *order, decision* or conviction appealed from, the opinion of the court below, if any, the praecipes for record, and if an appeal, the order of allowance, and notice of the taking of the appeal *or issuance of the writ of error* and proof of service thereof." (Emphasis supplied.)

From the language of the foregoing Rules which seem to tie writs of error as well as appeals to a review of orders and decisions as well as judgments, we are constrained to believe and we now hold that under our Rules, whenever a review may be had by appeal under Rule V, review may also be had by writs of error under Rule VI.

The motion to quash the writ of error is denied.

We now turn to a consideration of the motion to dismiss the writ of error.

██ Movant concedes that under certain circumstances a review by appeal may be had of an order granting a new trial. See In re Richter's Will, 42 N.M. 593, 82 P.2d 916, a case cited by both parties.

The plaintiffs in error rely upon the fifth syllabus as sustaining their contention that the order is appealable. It says: "The statute rendering appealable all interlocutory orders which 'practically dispose of the merits' of the action includes an order granting a new trial based upon errors of law."

Plaintiffs in Error claim too much for this statement.

A reading of the opinion discloses that it was not intended to indicate that all orders granting new trials are reviewable when the court granting a new trial rules on a question of law only. · What we decided was that under Rule V, section 2 of Supreme Court Rules, an order granting new trial based upon matters of law is appealable, if such order under the circumstances of the particular case, "practically dispose[s] of the merits of the action, so that any further proceeding therein would be only to carry into effect such interlocutory judgment, order or decision."

It would have more clearly reflected the decision had it been stated: "An order granting a new trial based upon errors of law is appealable if such order 'practically disposes of the merits of the action,' etc."

So much for the appraisal of our holding in the Richter case.

We assume that the grounds upon which the motion for new trial was granted all consisted of alleged errors of law having to do with the admission of evidence, granting of a trial amendment and refusal to instruct regarding dedication.

In addition, the plaintiffs in error challenge the jurisdiction of the trial court to render the order granting new trial at the time and place the same was rendered and upon further grounds.

The plaintiffs in error present a strong case for the desirability of a review of the court's order granting the new trial. They say:

"Under the rulings made by the court upon the trial and at the motion for rehearing, all of the maps and plats offered by the plaintiffs are inadmissible. It will be impossible for the plaintiffs to make a case without these maps and plats. It is to be assumed that the court will, upon a new trial, exclude the minutes of the Commissioners' meeting and that it will give the requested instruction regarding dedication. The plaintiffs contend that the court will commit errors of law if it should, at the new trial, proceed in the manner outlined and it would thereupon become necessary to review the said errors upon appeal from the decision which would be rendered in favor of the defendant at the new trial. Whether or not the theories adopted by the court at the motion for rehearing and which would pre-

vail upon new trial are, in fact, erroneous interpretations of the law, is the question which the plaintiffs are now seeking to review. It is much better to decide these questions now than after the parties have been put to the expense of a new trial to a jury, which trial would result only in a judgment for the defendant.

"It is to prevent the very thing just outlined that our courts have adopted the rule set forth in American Jurisprudence, Corpus Juris Secundum and the Richter case to the effect that where a new trial is granted on alleged errors of law such decision is reviewable."

But the hardships suggested do not permit us to make the rule fit the case if it does not.

Nor can we now adopt a new rule and justly give it retroactive effect, so as to give this court appellate jurisdiction not heretofore established, even assuming that appellate jurisdiction is within the rule-making power.

█ A rule of practice is never of paramount importance except that it should be definite and certain so that all litigants may be assured of the same treatment.

█ We regretfully hold that the order granting a new trial lacks the essential element of practically disposing of the merits of the action, etc.

This order affects a substantial right of the plaintiffs in error in that they are deprived of the immediate enjoyment of the fruits of the verdict in their favor; it does not, however, finally determine or complete the action. Much is left further to be done in the premises. The order does not prevent an eventual final judgment being rendered in the cause. See Albuquerque Gas & Electric Co. v. Curtis, 43 N.M. 234, 88 P.2d 615. It may be that on another trial the judge who tried the case and who granted the new trial, or some other trial judge, may yet take the view of plaintiffs in error as to the admissibility of the evidence and other legal questions involved. The plaintiffs may be mistaken as to their ability to make a case without the evidence which they assume the court will not admit on another trial. What plaintiffs in error contend for as to the desirability of a review at this time is admirably afforded by a statutory rule in force in the State of Georgia. It is there provided: "Save as to cases specially provided for by law (such as exception to the grant * * * of an injunction, or the appointment of or refusal to appoint a receiver), no case can be brought to this court by bill of exceptions, so long as the same is pending in the court below, unless the decision complained of would have been a final disposition of the case, had it been rendered as the excepting party claims that it should have been." Baldwin v. Lowe, 129 Ga. 711, 59 S.E. 772; Civ.Code 1910, sec. 6138.

See City of Tallapoosa v. Brock, 143 Ga. 599, 85 S.E. 755.

It is apparent that if the plaintiffs in error are right on the law questions involved in the ruling of the court below, on

the motion for new trial, such motion should have been denied and the result would have been a disposition of the cause, because nothing would have remained to be done except to enter a judgment upon the verdict in favor of the plaintiffs. Whereupon the defendant would have had an opportunity to seek a review of alleged errors committed against it.

Unfortunately for plaintiffs in error, the operation of the Georgia rule turns on the effect of the ruling if it had been correctly made according to the views of the appellate court and not as under our rule, upon the effect of the order made.

There exists a possible inconsistency in the working of our rule in situations like the case at bar. If a judgment is immediately rendered upon a verdict, an order thereafter granting a new trial would probably be a final order affecting a substantial right made after the entry of final judgment and thus appealable. If this is so, no good reason appears why a litigant in the situation of the plaintiffs in error who have a verdict in their favor, the disturbance of which affects a substantial right, should not also have a right to a review of the lower court's rules based upon purely legal matters.

But as heretofore suggested, these considerations must be addressed to the Legislature or the rule-making power which would doubtless speak prospectively. A thought suggested by 4 C.J.S. Appeal and Error, § 123, that an application for a new trial is an independent action to the extent that the judgment granting or refusing the new trial is a final judgment from which an appeal can be prosecuted under section 1 of Rule V independent of the former judgment, is not pursued because not clearly applicable to the present situation.

As to whether the plaintiffs in error may invoke our consideration of the jurisdictional questions involved through application for writ of prohibition as suggested by counsel for defendant in error, and whether the errors of law alleged to have been committed by the court in granting the motion for new trial as well as alleged lack of jurisdiction to make such order, may be reviewed under our power of "superintending control" reposed by Art. VI, sec. 3 of our Constitution, the criteria for the exercise of which was discussed in Albuquerque Gas & Elec. Co. v. Curtis, supra, are questions we do not decide. It seems unfortunate that the parties may not in the present proceeding, have our decision as to whether the court below committed errors as alleged, and we reach our conclusion with some doubt and reluctance.

The motion to dismiss the writ of error must be sustained, and it is so ordered.

BRICE, C. J., and ZINN, SADLER, and MABRY, JJ., concur.