154 P.2d 839

**HAMPTON et al. v. PRIDDY et al.**

No. 4865.

Supreme Court of New Mexico.

Jan. 9, 1945.

H. A. Kiker, of Santa Fe, and C. C. Davidson and J. V. Gallegos, both of Tucumcari, for appellants.

R. A. Prentice, of Tucumcari, for appellees.

BRICE, Justice.

The appellee Hampton was the unsuccessful candidate for the office of mayor of the city of Tucumcari on the Democratic ticket at the municipal election in April 1944, and the appellees Sanderson, Massey and Mitchell were the unsuccessful candidates for the offices of city councilmen on the same ticket. The appellant Priddy was the successful candidate for the office of mayor and the other appellants were the successful candidates for the offices of councilmen at the same election.

After the canvassing of the ballots by the proper officials and the determination that the appellants were entitled to certificates of election, the appellees filed an application for a recount of the ballots under the provisions of Sec. 14-1305, Sts. 1941, which provides, among other things, the following: "District courts shall entertain contests for the various municipal officers including aldermen or trustees and the procedure shall be the same as that now provided by law for contests of county officers, including recount of ballots; Provided, that when the election officers shall have completed their count the ballot box, the ballots therein to be contained, the tally sheets and poll books shall be preserved in the office of the clerk of the municipality, as county clerks are now required to preserve the ballot boxes, ballots, tally sheets and poll books of county elections; Provided further that when the district court shall order a recount the judge thereof shall have power to determine, at such recount, whether or not any fraudulent, illegal or void ballots have been counted, and, if he so determines, he shall have power to order such ballots to be thrown out and enter judgment in said recount proceedings accordingly."

The appellants appeared as interveners, and as such filed a "motion" attacking the application for a recount of the ballots upon grounds stated in appellants' assignment of errors. The trial court overruled this motion and thereupon entered an order providing for a recount of the ballots, and fixed a time and place therefor. Without further proceedings on the part of the court this appeal was prosecuted from the order providing for a recount of the ballots.

After this appeal had been granted, appellees moved the trial court to enter an or-

der vacating and setting aside the order allowing an appeal "because the order of this court (order appealed from) directing a recount of the ballots cast at the city election held April 4, 1944, in the city of Tucumcari was not such an order as practically disposes of the merits of the .action so that any further proceedings therein would be only to carry into effect such interlocutory judgment, order or decision." The overruling of this motion was made the subject of a cross-appeal by appellees. The assignment of error upon cross-appeal was not separately presented although reference was made to it in appellees' argument in their answer brief in which they "ask that the questions be considered and decided by this court as matters raised by cross appeal."

Whether appellees have abandoned their cross-appeal need not be determined, as we have concluded that this court is without jurisdiction to consider the appeal because not taken from a final judgment or from "an interlocutory judgment, order or decision as practically disposes of the merits of the action" so that any further proceedings therein would be only to carry into effect such interlocutory judgment or decision (Supreme Court Rule 5, Secs. 1 and 2); and therefore that this court is without jurisdiction to entertain it.

Appellants concede that if the district court acts judicially in a recount proceeding that this appeal was premature; but cite State ex rel. Scott v. Helmick (Scott v. Campbell), 35 N.M. 219, 294 P. 316, to support their contention that the judicial authority of the district court terminated with the entry of the order for recount. But the authority of the district judge is much broader under the statute quoted than it is in cases involving county and state offices. The trial judge has the "power to determine at such recount whether or not any fraudulent, illegal or void ballots have been counted, and if he so determines, he shall have power to order such ballots to be thrown out *and enter judgment in such recount proceedings* accordingly." This is judicial power, and its exercise calls for a judgment of the district court from which judgment an appeal may be prosecuted.

If, as appellants assert, Sec. 14-1305, supra, is unconstitutional the question may be raised by answer, and ultimately brought to this court by the losing parties for our consideration.

The appeal is dismissed at appellants' cost.

It is so ordered.

SADLER, C. J., and BICKLEY, and MABRY, JJ., concur.

LUJAN, J., did not participate.