**353 P.2d 678**

**Boyd NALLY, Plaintiff-Appellant,**

v.

**TEXAS–ARIZONA MOTOR FREIGHT, INC., a corporation, Defendant-Appellee.**

**No. 6622.**

Supreme Court of New Mexico.

July 5, 1960.

E. Forrest Sanders, William W. Bivins, Las Cruces, for appellant.

W. C. Whatley, Raymond E. Riordan, Las Cruces, for appellee.

CARMODY, Justice.

Plaintiff appeals from an order granting a remittitur or in the alternative a new trial. The sole question is a procedural one as to the authority of the trial court to order a remittitur under the circumstances of this case.

The jury awarded the plaintiff $10,000 damages in a personal injury action on January 14, 1959. Five days later, defendant filed a motion for judgment non obstante

veredicto or for a new trial. Argument was had, but before an order was entered the defendant filed what was termed a "motion for remittitur." Thereafter, an order was entered overruling the original motion, and on the same day judgment was entered on the verdict. Somewhat later, the court ordered a remittitur or a new trial. This appeal followed.

The sequence of events is of consequence in the interest of clarity:

| | |
|---|---|
| Motion for judgment n. o. v. or for new trial | January 19 |
| Hearing on above motion (taken under advisement) | February 13 |
| Judge's letter of decision as to motion | March 5 |
| Motion for remittitur | March 9 |
| Order on original n. o. v. motion | March 11 |
| Judgment entered | March 11 |
| Hearing on motion for remittitur (taken under advisement) | March 19 |
| Judge's letter of decision on remittitur | March. 26 |
| Order of remittitur | April 9 |
| Order allowing appeal | April 17 |

Neither in the briefs nor at the oral argument was any contention made as to whether or not the order involved in this case is an appealable order. Only in the preparation of the opinion did it develop that the problem relating to the appealability of an order granting a new trial was of consequence.

Section 21–2–1(5), N.M.S.A., 1953 Comp., (partially in Pocket Supp.), insofar as material, provides as follows:

"1. Within thirty [30] days from the entry of any final judgment in any civil action any party aggrieved may appeal therefrom to the Supreme Court * * *.

"2. Appeals shall also be allowed by the district court, and entertained by the Supreme Court, in all civil actions, from such interlocutory judgments, orders or decisions of the district courts, as practically dispose of the merits of the action, so that any further proceeding therein would be only to carry into effect such interlocutory judgment, order or decision. Appeals shall also be allowed by the district court, and entertained by the Supreme Court, from all final orders affecting a substantial right made after the entry of final judgment."

Thus, the question of whether or not this court has jurisdiction is presented upon the face of the record.

There are literally hundreds of cases which state, in substance, that an order granting a new trial is not an order of final determination. These same cases also state that the discretion of the trial judge in granting a new trial is a matter which may be reviewed by the appellate court, but it is

only open through the regular channels of an appeal, ordinarily upon a final judgment subsequently entered. See 2 Am.Jur., Appeal & Error, § 101, and cases cited therein. In this jurisdiction, it would appear that only in the case of In re Richter's Will, 1938, 42 N.M. 593, 82 P.2d 916, was such an appeal allowed. However, in the subsequent case of Milosevich v. Board of County Commissioners, 1942, 46 N.M. 234, 126 P.2d 298, 300, the court refused to allow an appeal from the granting of a new trial and limited the Richter decision to the following language:

"It would have more clearly reflected the decision had it been stated: 'An order granting a new trial based upon errors of law is appealable if such order "practically disposes of the merits of the action," etc.'"

In Cienfuegos v. Pacheco, 1952, 56 N.M. 667, 248 P.2d 664, the procedure that was followed was to appeal from the final decision of the trial court, and apparently no effort was made to initiate appellate proceedings prior to this final disposition.

Kanatser v. Chrysler Corp., 10 Cir., 1952, 195 F.2d 104, is a case which is quite comparable to the instant one. There, some seven months after the verdict and motion for a new trial, the trial court ordered a remittitur or a new trial on the ground that the verdict was excessive, although this contention was not included in the motion. The plaintiff declined to remit and appealed from the order granting a new trial. In an opinion by Chief Judge Bratton, it was directed that the appeal from an order granting a new trial should be dismissed, because the appeal was not from a final judgment and the order was not an appealable one. It is of interest to note that approximately six months later the case was heard again in the circuit court of appeals on a petition for writ of certiorari. In an opinion by Judge Murrah, found at 10 Cir., 199 F.2d 610, the court granted certiorari and directed that the jury verdict be reinstated. It should be added that in this later case, Chief Judge Bratton dissented on the basis that he did not feel that an extraordinary situation was presented which justified certiorari, and that if the action in granting the new trial was error, it could be reviewed and corrected on appeal after judgment was entered following the retrial. See, also, Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147; Atlantic Coast Line Railroad Co. v. Boone, Fla., 1956, 85 So.2d 834, 57 A.L.R.2d 1186; Ford Motor Co. v. Busam Motor Sales, 6 Cir., 1950, 185 F.2d 531; Washington Times Co. v. Bonner, 1936, 66 App.D.C. 280, 86 F.2d 836, 110 A.L.R. 393; Golden Press v. Rylands, 1951, 124 Colo. 122, 235 P.2d 592, 28 A.L.R.2d 672; 5 Moore's Federal Practice, § 50.14; and 6 Moore's Federal Practice, § 59.15.

We can see no way by which the order involved in this case can be considered as a

final disposition as to practically dispose of the merits of the action, and, therefore, regardless of our feelings as to the contentions of the parties, we have no alternative except to deny the appeal. We have no way of knowing what may be the result of the new trial, but, in any event, plaintiff's right to urge error is preserved and may be disposed of in the normal course of an appeal, if such there is, following the retrial of the case.

The appeal will be dismissed, and it is so ordered.

McGHEE, C. J., COMPTON and MOISE, JJ., and ZINN, District Judge, concur.