354 P.2d 147

Lydia M. SCOTT, Plaintiff, Defendant-in-Error,

v.

J. C. PENNEY COMPANY and Drews Riska, Defendants, Plaintiffs-in-Error.

No. 6533.

Supreme Court of New Mexico.

July 12, 1960.

Seth, Montgomery, Federici & Andrews, Santa Fe, Rowley, Breen & Bowen, Tucumcari, for plaintiffs in error.

Emmett C. Hart, Tucumcari, Smith, Kiker & Kitts, Albuquerque, for defendant in error.

McCULLOH, District Judge.

This case was brought here on writ of error. For the sake of clarity, the parties will be referred to herein as plaintiff and defendants, as they appeared below.

Plaintiff obtained a verdict in the lower court. Within the time provided by the rules of civil procedure, defendants filed a motion for judgment notwithstanding the verdict, and in the alternative also filed a motion for a new trial. The lower court set aside the verdict, denied the motion of defendants for judgment n. o. v., but grant-

ed the defendants' alternative motion for a new trial.

Defendants are here complaining of the court's action in denying their motion for judgment n. o. v. Plaintiff is in this court on cross-appeal, complaining of the court's action in setting aside the verdict and granting a new trial.

Plaintiff in her brief has questioned whether the order of the lower court is appealable, since defendant was granted the relief sought alternatively, to-wit: a new trial.

Our rule 50 is identical with rule 50 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Under the federal rules, it seems quite clear that an order granting a new trial is not appealable. See 2 Barron & Holtzoff, §§ 1080 and 1081; 5 Moore's Fed. Prac., § 50.12–50.15; Hunt v. United States, 10 Cir., 1931, 53 F.2d 333; Florini v. Stegner, 3 Cir., 1936, 82 F.2d 708; Frank Mercantile Corp. v. Prudential Ins. Co. of America, 3 Cir., 1940, 115 F.2d 496; Libby, McNeill & Libby v. Malmskold, 9 Cir., 1940, 115 F.2d 786; Youdan v. Majestic Hotel Management Corp., 7 Cir., 1942, 125 F.2d 15; Dostal v. Baltimore & O. R. Co., 3 Cir., 1948, 170 F.2d 116; Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147, together with annotation thereto.

As in federal courts, appeals may be taken in New Mexico only from final judgments, with a limited exception as to certain interlocutory decisions. See 3 A Barron & Holtzoff, Chap. 13; N.M.Sup.Ct. Rule 5. See also 3 Barron & Holtzoff § 1302.1.

 Analyzing the situation, it would appear clear that if a motion for judgment n. o. v. is sustained, there follows a judgment that can be appealed and the correctness of the court's ruling on the motion can be reviewed. Marr v. Nagel, 58 N.M. 479, 272 P.2d 681. If the motion is overruled, then the judgment is entered and can be appealed. However, if it is coupled with a motion for a new trial, denial of the motion leaves the judgment standing, and once again it can be appealed, and a review had of the correctness of the court's ruling. On the other hand, if the motion for a new trial is granted, it merely means the case stands as never tried, and until retried and a judgment entered, there is no final judgment. As said by Circuit Judge Phillips, in Hunt v. United States, supra, "The cause now stands in the District Court with the issues undisposed of, as if it had never been tried."

This was recognized by the drafters of our rule 5(1), which provides for a time for the starting to run of the 30 days in which an appeal must be taken to be 30 days from the entry of an order "(a) * * * granting or denying a motion for judgment under Rule 50(b) or * * *

(c) * * * denying a motion for a new trial under Rule 59."

It should be noted that results outlined above are specifically provided for, and no provision is made for appeal if motion for a new trial is granted. Mention should also be made of the fact that no specific provision is made when the motions are in the alternative as provided in rule 50(b), but since the verdict ends up as a nullity when motion for a new trial is granted, it must take precedence over the order either sustaining or overruling a motion for judgment n. o. v. See the federal cases cited above.

█ Some support for the conclusion stated above is found in the case of Milosevich v. Board of County Commissioners, 46 N.M. 234, 126 P.2d 298. In that case, a motion to dismiss writ of error sued out to review a trial court's granting a new trial was sustained. While recognizing that an appeal will lie in certain cases from orders granting new trials—specifically if it is based upon errors of law and "practically disposes of the merits of the action" as was the case in In re Richter's Will, 42 N.M. 593, 82 P.2d 916, 921, the court determined that in the case there being decided, there could be no appeal. The court said [46 N.M. 234, 126 P.2d 301]:

"If a judgment is immediately rendered upon a verdict, an order thereafter granting a new trial would prob-

ably be a final order affecting a substantial right made after the entry of final judgment and thus appealable. If this is so, no good reason appears why a litigant in the situation of the plaintiffs in error who have a verdict in their favor, the disturbance of which affects a substantial right, should not also have a right to a review of the lower court's rules based upon purely legal matters.

"But as heretofore suggested, these considerations must be addressed to the Legislature or the rule-making power which would doubtless speak prospectively."

In this quotation must lie the distinction between the case there being decided and the cases of Hoover v. City of Albuquerque, 56 N.M. 525, 245 P.2d 1038; Jordan v. Jordan, 29 N.M. 95, 218 P. 1035; Singleton v. Sanabrea, 35 N.M. 205, 292 P. 6; and Gutierrez v. Brady, 45 N.M. 209, 113 P.2d 585. All of these cases indicate that an order vacating judgment to permit new pleadings, or for other purposes is appealable under New Mexico Supreme Court Rule 5(2). The distinction is clearly made, however, in the recent case of Public Service Co. of New Mexico v. First Judicial Dist. Ct., 65 N.M. 185, 334 P.2d 713.

The present case falls directly within the quotation above from Milosevich v. Board of County Commissioners as no judgment was entered on the verdict when the motion

was filed and the order was entered granting a new trial.

Since the jurisdiction of this court is limited as provided in Supreme Court Rule 5(1), the writ of error and cross-wit should both be dismissed and the case remanded for a new trial as ordered by the lower court.

It is so ordered.

COMPTON, CARMODY, MOISE and CHAVEZ, JJ., concur.

McGHEE, C. J., not participating.