386 P.2d 238

**TRANSIT REMANUFACTURING CORPO-RATION, a corporation, Plaintiff-Appellant,**

**v.**

**Eustacio G. DURAN, Administrator of the Estate of Noel Duran, Deceased, Defendant-Appellee.**

**No. 7280.**

Supreme Court of New Mexico.

Oct. 28, 1963.

Iden & Johnson, Richard G. Cooper, Albuquerque, for appellant.

Matteucci, Gutierrez & Franchini, Albuquerque, for appellee.

COMPTON, Chief Justice.

For review and disposition on appeal this cause was consolidated with Duran v.

Transit Remanufacturing Corporation, No. 7290, N.M., 386 P.2d 237, and which came up from Division III, Bernalillo County, the Honorable Edwin L. Swope presiding. The controlling question in 7290 is whether Transit Remanufacturing Corporation is a self-insurer under the provisions of the New Mexico Workmen's Compensation Act by virtue of a certificate theretofore issued by the Honorable M. Ralph Brown, a former District Judge of Bernalillo County.

Transit Remanufacturing Corporation obviously took a circuitous route. Prior to filing its answer in 7290, Transit Remanufacturing Corporation, sensing an ambiguity in the certificate, sought its clarification before the Honorable John B. McManus, Jr., District Judge of Division 1, Bernalillo County. Judge McManus entered an order sustaining the validity of the certificate. Thereupon, Transit Remanufacturing Corporation answered claiming to be a self-insurer under the Act. Subsequently, however, Judge McManus entered an order vacating his previous order in so far as it related to Duran, and it is from the latter order Transit Remanufacturing Corporation appeals.

Section 21-2-1(5)(2), 1953 Comp., provides for appeals "from such interlocutory judgments, orders or decisions of the district courts, as practically dispose of the merits of the action, so that any further proceeding therein would be only to carry into effect such interlocutory judgment, order or decision."

Clearly the order does not "practically dispose of the merits of the action." It merely leaves the legal status of the certificate undefined. That question is yet to be determined at a trial in cause No. 7290.

The order is not appealable and must be dismissed.

It is so ordered.

NOBLE and MOISE, JJ., concur.