390 P.2d 655

**Leonard COCKRELL, Plaintiff-Appellee,**

v.

**C. C. GILMORE, B. F. Walker, Incorporated, a Corporation, and American Motorists Insurance Company, Defendants-Appellants.**

**No. 7499.**

Supreme Court of New Mexico.

March 23, 1964.

Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, Tansey, Wood, Rosebrough & Roberts, Farmington, for appellants.

Webb & Beavers, Farmington, for appellee.

CARMODY, Justice.

Appellee had filed a renewal of his motion to dismiss, in accordance with our order granting him the right to do so subsequent to the filing of the briefs on the merits.

The following appears from the record: The cause appealed from was tried to a jury which returned a verdict in favor of the defendant Gilmore and against the defendant Walker. At the same time, the jury responded to certain interrogatories

that had been propounded to them by the court and it is claimed that the answers were inconsistent with the general verdict. Thereafter the plaintiff (appellee here) filed a motion for judgment on the general verdict and a motion for new trial. The defendants also filed various motions, one of which sought to have judgment entered in accordance with the interrogatories. The trial court denied the other motions but determined that it was impossible to ascertain what the true verdict of the jury was, because of the contradiction between the general verdict and the answers to the interrogatories; it therefore ordered that the verdict and the interrogatories be set aside, and granted a new trial as to all of the issues against all of the defendants. The defendants thereupon appealed, claiming, as we understand it, that only questions of law are raised and that in such a situation the appeal from the order granting a new trial is proper. They cite and rely almost entirely upon In re Richter's Will, 1938, 42 N.M. 593, 82 P.2d 916. However, we do not believe that the Richter case is authority for the question raised here. There, the opinion of this court would finally and completely dispose of the litigation; here, that is not true. This is because, in addition to other reasons, there has never been a judgment entered in the trial court. Thus, even if the appellants were to be successful should this appeal be heard, we could only direct that the trial court enter judgment, from which the appellee would then have the right to appeal. Contrariwise, should it be determined that the appeal has no merit, then still the case must be returned to the trial court under its pending order for a new trial. It is plain that the order does not "practically dispose of the merits of the action," as required by Rule 5(2) (§ 21–2–1(5) (2), N.M.S.A. 1953).

We are of the opinion that the order for new trial in this case is not appealable under the authority of Milosevich v. Board of County Commissioners, 1942, 46 N.M. 234, 126 P.2d 298; Nally v. Texas-Arizona Motor Freight, Inc., 1960, 67 N.M. 153, 353 P.2d 678; and Scott v. J. C. Penney Company, 1960, 67 N.M. 219, 354 P.2d 147.

Appellants urge that this is not a question involving our jurisdiction and that therefore Supreme Court Rule 16(4) (§ 21–2–1(16) (4), N.M.S.A.1953) requires a denial of the motion. However, it is made clear by our decisions that the requirements of Rule 5 (§ 21–2–1(5), N.M.S.A.1953) are jurisdictional. Hampton v. Priddy, 1945, 49 N.M. 1, 154 P.2d 839; Nally v. Texas-Arizona Motor Freight, Inc., supra; Home Fire and Marine Insurance Co. v. Pan American Petroleum Corp., 1963, 72 N.M. 163, 381 P.2d 675; Duran v. Transit Remanufacturing Corporation, 1963, 73 N.M. 139, 386 P.2d 237; and Transit Remanufacturing Corporation v. Duran, 1963, 73 N.M.

141, 386 P.2d 238. The last two cited cases are especially in point, for there this court, of its own motion, dismissed the appeals because the orders involved did not dispose of the merits of the action. Thus reliance on the provisions of Rule 16(4) is to no avail; this court is without jurisdiction to consider the claimed errors at this stage of the proceeding.

The appeal will be dismissed, and it is so ordered.

COMPTON, C. J., and CHAVEZ, NOBLE and MOISE, JJ., concur.