John **IANNACITO**, Appellant,

v.

**DENVER & RIO GRANDE WESTERN RAILROAD**, a corporation, Appellee.

No. 8743.

United States Court of Appeals
Tenth Circuit.

June 28, 1967.

Harvey P. Wallace, Denver, Colo., and Eugene A. Rerat, Minneapolis, Minn., of counsel, submitted a brief for appellant.

John S. Walker, Jr., Ernest Porter and K. D. Barrows, Jr., Denver, Colo., submitted a brief for appellee.

Before MURRAH, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This appeal is from a judgment entered on a jury verdict for the defendant in a suit under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60. The only claim of error relates to the instructions.

Appellant-plaintiff was a carman employed by the appellee-defendant railroad. In 1961, while inspecting a train he twisted his ankle. Subsequently he developed back pains which continue to prevent him from working. He claims that the railroad was negligent in failing to provide a safe place to work. Nine doctors of varying specialties testified as to examinations of the plaintiff, some before and some after the claimed accident. There is no serious dispute over the diagnosis that his physical incapacity was caused by a disabling traumatic neurosis. The question is whether this condition had any connection with any negligence on the part of the railroad.

The statute imposes liability for injuries "resulting in whole or in part from the negligence" of the employer.[1] The plaintiff says that under this language the defendant's negligence need contribute only in part to plaintiff's injury and it is error to instruct that the defendant's negligence must be "the" proximate cause of injury.[2] The plaintiff request-

---

1. 45 U.S.C. § 51.

2. Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 508, 77 S.Ct. 443, 1 L.Ed. 2d 493; Hoyt v. Central Railroad, 3 Cir., 243 F.2d 840, 843; Byler v. Wabash R. Co., 8 Cir., 196 F.2d 9, 13, cert. denied 344 U.S. 826, 73 S.Ct. 27, 97 L.Ed. 643; Page v. St. Louis Southwestern Railway Co., 5 Cir., 312 F.2d 84, 89–92, 98 A.L.R. 2d 639; and DeLima v. Trinidad Corp., 2 Cir., 302 F.2d 585, 587–588.

ed the instruction suggested by Judge Mathes for F.E.L.A. cases.[3]

The trial court gave the proximate cause instruction which was standard in its district for ordinary negligence cases. It told the jury that under the statute the railroad was liable "for injuries resulting in whole or in part from the negligence" of the railroad. Additionally, the jury was charged that:

"Now if, however, you find that the plaintiff has sustained this burden of proof [to establish lack of ordinary care in providing a safe place to work], then you should next consider whether or not the defendant's negligence was a proximate cause *in whole or in part* of the accident which occurred on December 4th of 1961; and, whether or not that accident was a proximate cause *in whole or in part* of any injuries or disabilities to the plaintiff." (emphasis supplied)

Although the requested instruction may be a somewhat clearer exposition of the purpose of the statute, the charge given adequately explained to the jury the controlling legal principles. The substitution by the trial court of its own language for that contained in the request is not prejudicial error.

Plaintiff argues that the quoted portion of the instructions is inconsistent with other portions where reference is made to "the" proximate cause. The use of the definitive "the" is said to foreclose the possibility of recovery if the negligence partly caused the accident or if the accident partly caused the disability. We see no need to explore the point. The plaintiff made no objections to the instructions as required by Rule 51, F.R.Civ.P. We have repeatedly held that without objections in compliance with the rule we will not review on appeal the adequacy or propriety of the instructions.[4] The subject was recently reviewed in Dunn v. St. Louis-San Francisco Railway Co., 10 Cir., 370 F.2d 681, 683–684, a case like this in which there were no objections to the instructions. On appeal a claim of inconsistency was made. We need not repeat what was there said about the need for compliance with Rule 51 and the consequences of lack of compliance. In our opinion, the instructions taken as a whole understandably and correctly explained to the jury the applicable law.[5] Certainly the technical defects raised on appeal for the first time do not affect the substantial rights of the parties.

Affirmed.

3. Mathes, Jury Instructions and Forms for Federal Civil Cases, 28 F.R.D. 401, 497, instruction Civ. 13.12. The request read: "An injury is proximately caused by an act or omission whenever it appears that the act or omission played any part, no matter how small, in actually bringing about or causing the injury. So if you find from the evidence that any negligence on the part of the defendant contributed in any way or manner toward any injury suffered by plaintiff, you may find that injury was proximately caused by defendant's act or omission."

4. See for example Peter Kiewit Sons Co. v. Clayton, 10 Cir., 366 F.2d 551, 554; Miller v. Brazel, 10 Cir., 300 F.2d 283, 288, and Federated Mutual Implement &

Hardware Insurance Co. v. Fairfax Equipment Co., 10 Cir., 261 F.2d 207, 211.

5. See Bertrand v. Southern Pacific Company, 9 Cir., 282 F.2d 569, 573, cert. denied 365 U.S. 816, 81 S.Ct. 697, 5 L.Ed.2d 694, and Morrison v. New York Central Railroad Co., 6 Cir., 361 F.2d 319, 320. In each of these cases the court held that there was no error in the failure to give an instruction paraphrasing the lnaguage in Rogers v. Missouri Pacific Railroad Company, 352 U.S. 500, 508, 77 S.Ct. 443, 1 L.Ed.2d 493, when there was no objection because of such failure and the court gave an adequate instruction on causal relation.