453 P.2d 204

**W. G. EIDSON, Plaintiff-Appellant,**

v.

**The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Defendant-Appellee.**

No. 8685.

Supreme Court of New Mexico.

April 14, 1969.

Monte Lee Sherrod, Albuquerque, for appellant.

R. G. Cooper, B. G. Johnson, J. J. Monroe, Albuquerque, for appellee.

OPINION

TACKETT, Justice.

Plaintiff filed an action against defendant as a result of injuries received during the course of his employment with defendant and while engaged as a switchman in Belen, New Mexico. The jury returned a verdict adverse to plaintiff and he appeals.

184

Plaintiff contends under point I that the trial court erred in refusing to give his requested instructions Nos. 18 and 19 in lieu of the court's instruction No. 10 (U.J.I. 12.10), alleging it incorrectly states causation as applied to cases under the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.).

Plaintiff's tendered instructions Nos. 18 and 19, which were refused, are as follows:

"18. Any injury or damage is proximately caused by an act, or failure to act, whenever it appears, from a preponderance of the evidence in the case, that the act or omission played any part, no matter how small, in bringing about or actually causing the injury or damage. So, if you should find, from the evidence in the case, that any negligence of the defendant contributed, in any way or manner, toward any injury or damage suffered by the plaintiff, you may find that such injury or damage was proximately caused by the defendant's act or omission.

"19. This does not mean that the law recognizes only one proximate cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person; on the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a proximate cause."

The two above instructions were taken from Mathes and Devitt, Federal Jury Practice and Instructions, at 517 (1965).

Instruction No. 10 given by the court, reads as follows:

"The proximate cause of an injury is that which is [sic] a natural and continuous sequence (unbroken by any independent intervening cause) produces the injury, and without which the injury would not have occurred. (It need not be the only cause, nor the last nor nearest cause. It is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the injury)."

■ The instructions must be viewed as a whole and each should be considered in the light of all the others and, if they fairly present the law, that is all that is required. Sturgeon v. Clark, 69 N.M. 132, 364 P.2d 757 (1961), and cases cited therein. The court properly instructed the jury in this regard, as instruction No. 4 reads:

"The law of this case is contained in these instructions and it is your duty to follow them. You must consider these instructions as a whole, not picking out one instruction or parts thereof and disregarding others."

The court's instruction No. 10 does not stand alone as it is not the only instruction pertinent to causation. The court gave further instructions on causation, Nos. 11 and 15, as follows:

"11. Section 1 of the Federal Employers' Liability Act (45 U.S.C.A. Sec. 51) under which the plaintiff claims the right to recover damages in this action, provides in part that: 'Every common carrier by railroad while engaging in commerce between any of the several states * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier * * *.'

"15. The primary inquiry for you to decide in this case is whether negligence of the railroad played any part in bringing about the injury to plaintiff. If you find that any carelessness or negligence on the part of the railroad, or of any employee of the railroad other than the claimant, in any way caused or

contributed even in the slightest degree to the injury complained of, then your verdict should be for the plaintiff."

In Iannacito v. Denver & Rio Grande Western Railroad, 380 F.2d 1019 (10th Cir. 1967), the trial court gave the "proximate cause" instruction which was standard in its district for ordinary negligence cases and, in addition, instructed under the Federal Employers' Liability Act. In affirming the lower court, it was stated:

"Although the requested instruction may be a somewhat clearer exposition of the purpose of the statute, the charge given adequately explained to the jury the controlling legal principles. * * *"

 In Tyree v. New York Central Railroad Company, 382 F.2d 524 (6th Cir. 1967), a judgment was entered on a verdict for the railroad company which was affirmed by the Sixth Circuit Court of Appeals, cert. denied, 389 U.S. 1014, 88 S.Ct. 589, 19 L.Ed. 2d 659 (1967). The trial court gave the standard proximate cause negligence case instruction, as well as an instruction under the Federal Employers' Liability Act. There the court, with particularly clear insight into the problem, stated 382 F.2d at 529:

"* * * [I]t is to be said that since the definition of 'proximate cause' has proved the source of difficulty in this case, and while it would have been proper to give the Mathes and Devitt instruction as requested by appellant, nevertheless, it would be better in Federal Employers' Liability Act cases if no mention of proximate cause whatever was made to the jury and, following the views of the Supreme Court as expressed in Rogers v. Missouri Pacific R. Co., supra, [352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 [1957]] that the jury be instructed on the subject of causation to the effect that if employer negligence played any part, even the slightest, in producing the injury, the employer is liable in damages, and that if the employee's negligence contributed in part to the injury, the negligence of the employer and employee be compared, and the amount of recovery be diminished in proportion to the amount of the employee's negligence. This would remove the troublesome phrase of proximate cause from Federal Employers' Liability Act cases."

We are in accord with the language quoted, but just as in that case where it was held that the Mathes and Devitt instructions requested would have been better, nevertheless, the use of the usual definition of "proximate cause" was not reversible error where the instructions as a whole made the applicable rule of law clear. We conclude here that the instructions as a whole were sufficient to overcome any questions that may have been caused by the use of U.J.I. 12.10 (trial court's instruction No. 10) and that no reversible error resulted.

The judgment in favor of appellee is affirmed.

It is so ordered.

NOBLE, C. J., and MOISE, J., concur.