459 P.2d 830

**F. J. HUDSON, Plaintiff-Appellee and Cross-Appellant,**

v.

**Jose U. OTERO, Jose M. Otero and Bobby Zamora, Defendants-Appellants and Cross-Appellees.**

**No. 8791.**

Supreme Court of New Mexico.

Sept. 22, 1969.

Rehearing Denied Oct. 24, 1969.

Iden and Johnson, Richard G. Cooper, Eric D. Lanphere, Albuquerque, for appellants.

Adams & Vallentine, Albuquerque, for appellee.

## OPINION

WATSON, Justice.

This is an action brought by Frank J. Hudson, Jr., for compensatory and punitive damages as a result of an alleged beating with a bullwhip by defendant Jose U. Otero, while he and defendants, Jose M. Otero and Bobby Zamora, held plaintiff at gun point. Hudson was forced to take off his clothes at the time of the whipping and claimed that $400 was stolen from his billfold while this was taking place. The Bernalillo County jury returned a verdict of $15,000 compensatory damages and $50,000 punitive damages against Jose U. Otero, $1 compensatory damages and $1 punitive damages against Jose M. Otero, and $1 compensatory damages and $500 punitive damages against Bobby Zamora. After a remittitur, which we will later discuss, the defendants appeal and Hudson cross-appeals.

Defendants-appellants contend that at the time of the beating Hudson had broken into Jose U. Otero's drug store, for which crime he was later convicted. Hudson contends, however, as he did at his trial for burglary before a Valencia County jury, that he had simply stopped briefly on the roadside and had been forced into the drug store at gun point by defendant Jose U. Otero. Generally the evidence given the Bernalillo County jury in the present case was similar to the facts set forth in our opinion on the appeal of the criminal case State v. Hudson, 78 N.M. 228, 430 P.2d 386 (1967).

Appellants rely upon three points, the first being that the trial court committed reversible error in failing and refusing to give the following instructions:

"DEFENDANT'S REQUESTED IN-
STRUCTION NO. 17

It is undisputed in this case that the plaintiff, F. J. Hudson, has been convicted of the crime of burglary in connection with the premises of the defendant, Jose U. Otero, which conviction resulted from a criminal proceeding in Valencia County, State of New Mexico. The criminal conviction is not conclusive of the facts disputed here in this civil action but such is prima facie evidence of the fact in this case that the plaintiff, F. J. Hudson, did commit such offense.

"DEFENDANT'S REQUESTED IN-
STRUCTION NO. 18

By Prima Facie evidence is meant that the fact is to be presumed and is entitled to belief without direct evidence but that such is not conclusive."

At the trial, Hudson admitted that he had been convicted of burglary of the Otero drug store on the same occasion as when he was bullwhipped, and that he was in the penitentiary for this crime at the present time. It is appellants' contention that evidence of this conviction was competent and constituted prima facie evidence of the facts involved, and that in this case the jury must have believed Hudson's testimony to the effect that he was a mere bystander, rather than appellant Otero's testimony that he was a burglar, and that consequently the refusal to give appellants' requested Instructions 17 and 18 was highly prejudicial to their case and constituted reversible error.

We held in Tapia v. Panhandle Steel Erectors Co., 78 N.M. 86, 428 P.2d 625 (1967), and in Eidson v. Atchison, T. & S. F. Ry., 80 N.M. 183, 453 P.2d 204

(1969), that if instructions, considered as a whole, fairly present the issues and the law applicable thereto, they are sufficient. Denial of a requested instruction is not error where the instructions given adequately cover the issue.

Appellant Jose U. Otero testified that he forced Hudson to take off his clothes in order to prevent his escape. He admitted striking Hudson with a whip but stated that he was not punishing Hudson when he did so. Rather, he stated that Hudson had taunted and mocked him until he had become angry and the whipping resulted.

We quote a portion of the instructions given by the trial court:

"1. * * *

"The defendant Jose U. Otero admits that he struck the plaintiff several times with the whip but contends that he did so because the acts and behavior of the plaintiff provoked and angered him to the point that he lost his temper and self-control. Inasmuch as the defendant Jose U. Otero admits that he struck the plaintiff, the only question to be decided by you is what amount of compensatory damages the plaintiff is entitled to receive and whether or not he is entitled to any punitive damages."

In addition to the above, the court's instructions 16 and 28 advised the jury that a person is not justified in using unnecessary force in the defense of his property so as to inflict great bodily harm, and that if they found that the plaintiff provoked Jose U. Otero, such would warrant the mitigation or denial of punitive damages.

■ The question of whether Hudson was a burglar or an innocent bystander at the time is material in this case only as it relates to punitive damages. It is evident that even if he was a burglar, appellant had no right to whip him and did not whip him because he was a burglar. The instructions above mentioned adequately cover the issue. In addition, Instruction No. 3 advised the jury that the party seeking recovery had the burden of proving his claim by the greater weight or the preponderance of evidence and that evenly balanced evidence was not sufficient.

■ In addition, we are not convinced that appellants' requested instructions 17 and 18 are correct. The general rule is that, absent a plea of guilty, proof of conviction is inadmissible in the trial of a subsequent tort action arising out of the same act. To this an exception is permitted when the convicted criminal seeks in the civil action to take advantage of rights arising from the crime. In such case, the proof of his previous conviction is admissible as evidence of the facts upon which it is based. Gray v. Grayson, 76 N.M. 255, 414 P.2d 228 (1966). See also 31 A.L.R. 261 and 18 A.L.R.2d 1287.

We agree with appellants that Instruction No. 17 should be accompanied by a definition of "prima facie." Appellants cite no authorities for the definition used in their requested instruction 18. In Rocky Mountain Wholesale Co. v. Ponca Wholesale Mercantile Co., 68 N.M. 228, 360 P.2d 643 (1961), we pointed out the tendency to use "presumption" and "prima facie" interchangeably as though they were synonymous. In that case, however, we made a distinction, and held that the prima facie evidence intended by the statute there being considered "does not disappear upon proof to the contrary," as a presumption might disappear, according to our holdings in Morris v. Cartwright, 57 N.M. 328, 258 P.2d 719 (1953), and Hartford Fire Ins. Co. v. Horne, 65 N.M. 440, 338 P.2d 1067 (1959).

■ We are concerned as to whether requested instruction 18 presents a correct definition of "prima facie evidence" under any circumstances, but we have no doubt the instruction, as phrased, did not advise the jury correctly or accurately concerning the law applicable to the proof in this case, and was erroneous as being misleading and confusing, and accordingly was properly refused by the court. Compare Embrey v. Galentin, 76 N.M. 719, 418 P.2d 62 (1966); Gerrard v. Harvey & Newman Drilling Co., 59 N.M. 262, 282 P.2d 1105 (1955).

We cannot say, therefore, that the refusal here to give appellants' requested instructions deprived appellants of a fair trial. Tapia v. Panhandle Steel Erectors Co., supra.

For their second point, appellants contend that the court erred in entering a judgment upon a verdict which attempted to apportion damages among joint tortfeasors, and they point out that plaintiff's complaint prayed for joint and several damages against the defendants. This contention was first brought to the trial court's attention by appellants' Motion For A New Trial, Or In The Alternative Motion For A New Trial Unless A Remittitur Is Ordered, filed over a month after the verdict had been entered.

We find nothing in the instructions to the jury which requires a joint verdict. On the other hand, the verdicts were consistent with the instructions. We have quoted above that portion of Instruction No. 1 pertaining to defendant Jose U. Otero. The next paragraph of Instruction No. 1 reads as follows:

"As to the other defendants, they deny that they are in any way responsible for any damages suffered by the plaintiff. Therefor, as to defendants Jose M. Otero or Bobby Zamora, if you find that plaintiff has proved those claims required of him against one or both of them, then your verdict should be for the plaintiff and against the proper defendant or defendants. If, on the other hand, you find that plaintiff has failed to prove his claims against one or both of these defendants, then your verdict should be for the proper defendant or defendants."

In addition to the portions of Instruction No. 1 quoted above, the jury was instructed that punitive damages must be assessed against each wrongdoer separately; before punitive damages can be awarded, compensatory damages must first have been awarded. See Vickrey v. Dunivan, 59 N.M. 90, 279 P.2d 853 (1955).

Appellants did not object to these instructions, nor to the verdict forms which were attached thereto, nor did they make any objection when the verdict was read.

Although the rule is that seasonable objections must be made before the discharge of the jury if its verdict attempts an apportionment among joint tortfeasors, Brown v. Regan, 10 Cal.2d 519, 75 P.2d 1063 (1938); Schuman v. Chatman, 184 Okl. 224, 86 P.2d 615 (1938), and it is too late after judgment has been entered, 53 Am.Jur. Trial, § 1041; Annot. 30 A.L.R. 790, 791 (1924), the jury here did not depart from the instructions; appellants had the duty to object to the instructions given and the duty to tender corrected instructions or more explicit instructions. Panhandle Irrigation, Inc. v. Bates, 78 N.M. 706, 437 P.2d 705 (1968). This they did not do.

For their third point, appellants contend that even after the remittitur, which reduced the compensatory damages allowed by the jury against Jose U. Otero from $15,000 to $5,000 and the punitive damages from $50,000 to $10,000, both are still excessive. Their main contention is that although Hudson may have suffered from abrasions, tender muscles, and headaches of a severe nature, he was not permanently injured, and suffered no loss of earnings, and incurred no expenses. Appellants do not point out the facts on which they base their claim that the amount of punitive damages remains excessive so we need not consider that portion of the judgment. N.M.Sup.Ct.R. 15(6) (§ 21-2-1 (15) (6), N.M.S.A.1953 Comp.); Galvan v. Miller, 79 N.M. 540, 445 P.2d 961 (1968).

In Elder v. Marvel Roofing Co., 74 N.M. 357, 393 P.2d 463 (1964), we reduced an award of $10,000 damages for injuries received in an automobile accident to $5,000. In that case no permanent disability resulted and the diagnosis was, for the most part, muscular and ligamentous damage to back and neck areas. In the present case, the jury was permitted to consider any humiliation and mental anguish experienced by the plaintiff from being stripped and bullwhipped, as well as

the loss of $400.00. These elements were not present in Elder, supra. The trial court heard all the witnesses, observed their demeanor, and was in a much better position than this court to pass upon the question. We cannot say that the reduced award was excessive. See Scofield v. J. W. Jones Construction Company, 64 N.M. 319, 328 P.2d 389 (1958).

Having found no error in the court's instructions, nor in the forms of verdict, nor in its amount as reduced by the remittitur, we turn to the cross-appeal of the plaintiff Hudson in which he contends that the trial court erred in ordering a remittitur or a new trial.

Appellant Otero has filed a motion to dismiss Hudson's cross-appeal on the grounds that where the court orders the successful plaintiff to remit a portion of the verdict or to stand a new trial, and the plaintiff elects the remittitur, he cannot attack the court's order on cross-appeal.

Cross-appellant admits that such is the majority rule but strongly contends that it is unfair, particularly in view of our holding in Nally v. Texas-Arizona Motor Freight, Inc., 67 N.M. 153, 353 P.2d 678 (1960), that an order granting a remittitur or a new trial is not appealable. It is not ordinarily a final judgment disposing of the merits of the action (N.M.Sup.Ct.R. 5(2), § 21-2-1(5) (2), N.M.S.A.1953 Comp.). Cross-appellant calls our attention to the Wisconsin case of Plesko v. Milwaukee, 19 Wis.2d 210, 120 N.W.2d 130, 16 A.L.R.3d 1315 (1963), the only case sustaining his contention.

The Wisconsin court reasons that if the plaintiff is forced to undergo an appeal of the action by the other party, even after he has agreed to accept the reduced damages, it is unfair not to allow his cross-appeal. This reasoning is indeed persuasive. On the other hand, if the damages are excessive, defendant has no choice in the plaintiff's election and the burden of the appeal is on the defendant if one is taken.

 We cannot say that the common law policy and the majority rule is wrong. State ex rel. Herman v. Tucson Title Insurance Company, 101 Ariz. 415, 420 P.2d 286 (1966). The majority rule disallowing cross-appeals upon the acceptance of the remitted judgment, together with Nally, supra, should encourage both offers and acceptances of remittiturs and thus tend to terminate litigation. We therefore adopt it, and sustain defendants' and cross-appellees' motion to dismiss the cross-appeal.

The cross-appeal is dismissed. Finding no error in the judgment, it is hereby affirmed.

It is so ordered.

MOISE and TACKETT, JJ., concur.