484 P.2d 1293

Thomas Leo WARREN, Plaintiff-Appellee,

v.

James H. ZIMMERMAN, Individually, and Charles Zimmerman, a minor, Defendants-Appellants.

No. 616.

Court of Appeals of New Mexico.

April 2, 1971.

Certiorari Denied May 12, 1971.

Jay L. Faurot, James L. Brown, Farmington, for appellee.

Eugene E. Klecan, Albuquerque, for appellants.

OPINION

SPIESS, Chief Judge.

This appeal is from an order granting a new trial entered upon a timely motion filed by plaintiff following a judgment upon a jury verdict in defendant's favor.

Plaintiff has moved to dismiss the appeal upon the ground that the order granting a new trial is not appealable. We so hold, and dismiss the appeal. Our Rules of Civil Procedure relating to a party's motion for a new trial, material here, are set forth in § 59(a) and (b) [§ 21–1–1(59) (a) (b), N.M.S.A.1953, Repl.Vol. 4] of the Rules of Civil Procedure. The pertinent portion of the rules follows:

"A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted. * * *"

"A motion for a new trial shall be served not later than ten days after the entry of the judgment. * * *"

It appears to be conceded, and we think correctly so, that an order granting a new trial following a jury verdict but before entry of judgment on the verdict is not

appealable. Scott v. J. C. Penney Company, 67 N.M. 219, 354 P.2d 147 (1960).

The defendant takes the position that an order granting a new trial after entry of judgment on the verdict is appealable. In so asserting, he relies upon the following language of Supreme Court Rule 5(2) [§ 21–2–1(5) (2), N.M.S.A.1953, Repl.Vol. 4].

"Appeals shall also be allowed by the district court, and entertained by the Supreme Court, in all civil actions, from such interlocutory judgments, orders or decisions of the district courts, as practically dispose of the merits of the action, so that any further proceeding therein would be only to carry into effect such interlocutory judgment, order or decision. Appeals shall also be allowed by the district court, and entertained by the Supreme Court, from all final orders affecting a substantial right made after the entry of final judgment."

Defendant argues that his appeal is authorized because it is a final order " * * * affecting a substantial right made after entry of final judgment. * * * "

From our research we reach the conclusion that a question of our jurisdiction is presented. Our jurisdiction is limited under the rule upon which defendant relies to final orders affecting a substantial right made after entry of final judgment. Finality of the judgment affected is necessary to confer a right of review. In this instance the finality of the judgment was suspended upon the filing of the motion for new trial. In Moore's Federal Practice, (Second Edition) Vol. 6A, page 3853, the author, upon substantial authority, states:

"A motion for new trial that is timely and properly made suspends the finality of the judgment and tolls the running of the time for taking an appeal. If the motion is denied, the full time for appeal commences to run anew from the date of the entry of the order denying the motion. If the motion is granted, or if the court orders a new trial on its own initative, [sic] the finality of the judgment

is destroyed and an appeal may not be taken until the entry of a final judgment following the new trial. * * * "

The provisions of our Rule 59 are substantially the same as those of Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C.A., Rule 59. These Rules were the subject of consideration by Professor Moore in his comment which we have quoted. We further call attention to Supreme Court Rule 5(1) [§ 21–2–1(5) (1), N.M.S.A.1953 (Rpl.Vol. 4)], which provides: "* * * If a timely motion is made pursuant to any of the District Court rules hereinafter enumerated, the running of the time for appeal is terminated and the full time for appeal fixed in this section *commences to run* and is to be computed from * * * *denying* a motion for a new trial under Rule 59 * * * " The language of this rule indicates that the granting of a new trial is not appealable.

The Rule 5(2), *supra*, upon which defendant relies, in our opinion is not applicable because the judgment affected by the order granting a new trial was not a final judgment.

Defendant next asserts that the motion to dismiss the appeal should be denied because the order grants a new trial upon errors of law and practically disposes of the merits.

This contention is based upon the portion of Rule 5(2), *supra*, allowing an appeal from an interlocutory order which practically disposes of the merits of the action so that any further proceedings would only be to carry into effect the interlocutory order.

In our view, an order granting a new trial is not generally such an interlocutory order as practically disposes of the merits of the action because the order granting a new trial contemplates another trial at which the issues will be determined and in itself does not dispose of the merits of the action.

Defendant argues that the order granting a new trial was granted because the court considered that two errors had been com-

mitted; (1) instructing the jury on contributory negligence, and (2) in ruling upon the admission of certain medical records. These errors, defendant says, were errors of law and not matters which would have warranted the court in exercising a discretion in granting the new trial. We are not shown that the matters considered by the trial court as sufficient to warrant a new trial are so disassociated from evidentiary facts which could be presented that the outcome of the case is determined on the entry of the new trial order. Consequently, defendant has not shown that the new trial order practically disposes of the merits of the action. In re: Richter's Will, 42 N.M. 593, 82 P.2d 916 (1938) is cited as authority by defendant for the proposition that an order granting a new trial based upon errors of law is applicable.

In our view the decision In re: Richter's Will is not to be accorded the broad interpretation which defendant undertakes to apply to it. The basis of this decision is expressed in the following language.

"* * * For purposes of our review, it is as though the trial court upon setting aside the verdicts had entered judgment for appellees. A pure question of law is presented which we are disposed to settle now. The granting of a new trial for the reasons set forth in the trial court's opinion, viewed in the light of appellant's announcement that he has no more evidence to offer, is such an order 'as practically disposes of the merits of the action,' * * *"

We have not been shown, nor are we able to determine from the record presented here that the granting of a new trial in the instant case can be treated as equivalent to setting aside the verdict and entering judgment for plaintiff. We do not consider Milosevich v. Board of County Commissioners, 46 N.M. 234, 126 P.2d 298 (1942), as requiring us to hold that the new trial order in the case is appealable. The appeal is accordingly dismissed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.